Benoist v. Thomas.

BENOIST *et al.* v. THOMAS AND ROTHSCHILD; THOMAS, *Appellant.*

Division One, May 14, 1894.

1. **Partition**: ADVERSE POSSESSION: JURY TRIAL. In an action for partition there was an issue between two defendants as to which was entitled to one undivided half of the land. The decision of that issue depended on a finding as to the alleged title by adverse possession of one of the parties. As to that issue a trial by jury was demanded on the circuit. *Held,* that it should have been accorded.

2. ———: PLEADING: PROCEDURE. The statutory proceeding for partition is a civil action, and all pleadings and proceedings therein are governed by the procedure touching civil actions. Section 7138, Revised Statutes, 1889, does not require all issues in partition cases to be tried by the court.

3. ———: JURY TRIAL. Issues in ordinary civil actions (including partition cases) directly involving title to specific real property are triable as of right by jury.

4. ———: DEFENDANT'S CONFLICTING CLAIM TO SAME LAND. Conflicting claims to the same land, advanced by several defendants in a partition case, can be adjudicated in that proceeding.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*Laughlin & Tansey* and *E. S. Robert* for appellant.

(1) Appellant was entitled to a trial by jury. Constitution of Missouri, art. 2, sec. 28; R. S. 1889, sec. 7145; 4 Kent's Com., 412, and cases cited. (2) Equity would never decree a partition until title had been settled by a jury. 4 Kent's Com., 412, and cases. (3) The relation of landlord and tenant does not arise between a purchaser and the occupant, until the latter voluntarily attorns, or the purchaser exhibits his deed and demands an attornment. *Gray v. Rogeos,* 30 Mo. 258; *Lindenbower v. Bentley,* 86 Mo. 515;

*Green v. Sternberg,* 15 Mo. App. 32; *May v. Luckett,* 48 Mo. 472; *May v. Luckett,* 54 Mo. 437; *Gunn v. Sinclair,* 52 Mo. 327; *Kingman v. Abington,* 56 Mo. 46; *Clampitt v. Kelly,* 62 Mo. 571; *Sturgis v. Botts,* 24 Mo. App. 282; *Culverhouse v. Worts,* 32 Mo. App. 419; *Holden v. Wann,* 43 Mo. App. 640. (4) Where the owner is in possession and a stranger acquires the title, the relation of landlord and tenant does not arise unless the former owner attorns. *Kingman v. Abington,* 56 Mo. 46; *Cohen v. Kyler,* 27 Mo. 122; *Sturgis v. Botts,* 24 Mo. App. 282. (5) Attornment can only be by word of mouth, or some act. 2 Coke on Littleton [1 Am. Ed.], book 3, chap. 10, sec. 551. (6) The relation of landlord and tenant is confidential, and an attornment to anyone without the landlord's consent is void, except in the cases mentioned in the statute, or where the landlord has parted with his title and the attornment is made to the person who has acquired such title. R. S. 1889, secs. 6373, 8843; *Dausch v. Crane,* 109 Mo. 323, 335; *Farrar v. Heinrich,* 86 Mo. 532; *Clampitt v. Kelly,* 62 Mo. 571; *Bank v. Calvin,* 60 Mo. 559; *Stagg v. Eureka,* 56 Mo. 317; *Leach v. Koenig,* 55 Mo. 451; *McCartney v. Auer,* 50 Mo. 395; *Rutherford v. Ullman,* 42 Mo. 216; *Schultz v. Arnot,* 33 Mo. 172. (7) A tenant can not lawfully attorn to the holder of the true title, even where his landlord is a trespasser or fraudulent grantee. *Farrar v. Heinrich,* 86 Mo. 521; *Clampitt v. Kelly,* 62 Mo. 571. (8) An attornment to the owner of the true title is void, even though the tenant maliciously conceals the fact that he is holding under a landlord who is a trespasser. *Farrar v. Heinrich,* 86 Mo. 521. (9) An attornment to an assignee of the landlord creates a new tenancy. 1 Taylor on Land. & Ten., sec. 442, and cases. (10) Two persons can not be in adverse constructive possession at the same time. 3 Washburn on Real

Property, 118, sec. 9. (11) Knowledge of the true owner is not necessary to the acquisition of title by adverse possession. *Wilkerson v. Eilers*, 114 Mo. 245-254; *Farrer v. Heinrich*, 86 Mo. 521; *Bowman v. Lee*, 48 Mo. 335; *Scruggs v. Scruggs*, 43 Mo. 142; *Walker v. Bacon*, 32 Mo. 144; *Draper v. Shoot*, 25 Mo. 197. (12) "Any writing which purports to convey land and describes the same is color of title, though the writing is invalid and conveys no title." *Allen v. Mansfield*, 108 Mo. 344-348, and cases; *Amick v. Brubaker*, 101 Mo. 473.

*Nathan Frank* and *C. W. Bates* for respondent.

(1) A judgment lien expires in three years, and sale of real estate under an execution issued thereafter conveys no title as against the vendee of the judgment debtor who purchased prior to the issuance of the execution. *Christy v. McKee*, 94 Mo. 24; *Christy v. Flanagan*, 87 Mo. 670; s. c., 14 Mo. App. 253. (2) The doctrine of color of title can be invoked only when the claimant has actual adverse possession of a part of the property, claiming the whole by virtue of the void conveyance. *Allen v. Mansfield*, 108 Mo. 343. (3) Whether or not Gibbons or the bank assumed to pay this judgment is wholly immaterial to this case. The judgment was never enforced and the lien has long since expired. (4) Rothschild and his grantors were never out of possession and Mrs. Thomas was never in possession of the property in dispute. (5) The legal seizin and possession follows the legal title. *Bradley v. West*, 60 Mo. 33. (6) To divest of possession one in possession there must be actual ouster. *Myler v. Hughes*, 60 Mo. 105. (7) The attornment of a tenant to the grantee of his landlord is valid and will be presumed. 2 R. S. 1889, sec. 6373; *Ass'n v. Wann*, 43 Mo. App. 636;

*Cook v. Farrar*, 105 Mo. 492; *Lindenbower v. Bentley*, 86 Mo. 515. (8) A tenant is bound to deliver possession to his landlord or his grantee, and can not hold adversely, or by agreement with another hold for him. *Cook v. Farrah*, 105 Mo. 492; *Farrar v. Heinrich*, 86 Mo. 521. (9) The attornment of the tenant to a stranger is void and does not transfer possession. 2 R. S., 1889, sec. 6373; *Cook v. Farrah*, 105 Mo. 492; *Farrar v. Heinrich*, 86 Mo. 521. (10) Attornment of the tenant, without the knowledge and consent of his landlord, to a stranger to the landlord's title, does not affect the landlord's possession. *Farrar v. Heinrich*, 86 Mo. 521. (11) The vendor can not claim adverse possession as against his vendee without actual ouster. *Pents v. Keuster*, 41 Mo. 447. (12) To convert a friendly possession, as in case of tenants in common, and landlord and tenant, into an adverse possession, the intention to make the change must be distinctly made known to the true owner. *Meier v. Meier*, 105 Mo. 411; *Budd v. Collins*, 69 Mo. 129; *Campbell v. Laclede, etc., Co.*, 89 Mo. 352; *Gordon v. Eans*, 97. Mo. 587; *Wommack v. Whitmore*, 58 Mo. 448; *Hamilton v. Boggess*, 63 Mo. 233; *Warfield v. Lindell*, 38 Mo. 581; *LaPeyre v. Paul*, 47 Mo. 586; Freeman on Cotenancy, sec. 241. (13) The burden is on him who asserts title by adverse possession to prove all that is necessary thereto. Freeman on Cotenancy and Partition, sec. 222. (14) Adverse possession must be exclusive. A mixed possession is the possession of him who has title. *Railroad v. Maffitt*, 94 Mo. 56; *Brownsville v. Cavazos*, 100 U. S. 138; *Brimmer v. Proprietors*, 5 Pick. 131; *Congregation v. Greenwich*, 145 Mass. 112; Angell on Limitations, sec. 410. (15) Appellant was not entitled to a jury. 2 R. S. 1889, sec. 7148, *et seq.*; *Earl v. Hart*, 89 Mo. 263; *Holloway v. Holloway*, 97 Mo. 628; *Sav. Inst. v. Colonius*, 63 Mo. 290.

BARCLAY, J.—This is an action for the partition of a lot of land in St. Louis county. The plaintiffs are owners of one undivided half of the lot. To the other half, each of the two defendants asserts full title.

Mrs. Thomas by her separate answer sets up a title by adverse possession under the statute of limitations. Mr. Rothschild claims under a chain of recorded conveyances.

The facts shown at the trial court were these:

The property formerly belonged to one Rannells, who, in 1866, sold to Christy & Ryan, a firm composed of James Christy, ancestor of plaintiffs, and Thomas Ryan. The property was at first held in the name of Christy. James Christy and wife conveyed an undivided one-half of said property to Thomas Ryan, by deed, September 22, 1866. Years after, the widow of Rannells released her interest to Davitt, one of Rothschild's grantors, and also to Mrs. Thomas.

On the nineteenth day of May, 1876, Thomas Ryan and wife conveyed an undivided half of said lot (with other property) to John F. Gibbons, which deed was a general warranty deed, excepting as against a judgment (in favor of the legal representatives of Christy and others) rendered in the circuit court of the city of St. Louis against Thomas Ryan on the twenty-second day of November, 1875, and certain mortgages and taxes, and contained the following clause:

"The amount of all which liens, taxes and hypothecations have been computed between the parties hereto as part of the consideration of this deed, and the said Gibbons has purchased the property hereby conveyed for said sum of $28,000 in addition to and exclusive of the sum necessary for the hypothecations."

This deed was acknowledged and recorded May 20, 1876.

Mr. Rothschild traces his title from Mr. Gibbons, through several recorded conveyances which need not be particularly recited. The last of them (by which Mr. Rothschild became owner of the Gibbons title) is dated, July 27, 1888.

The judgment already mentioned against Thomas Ryan was for the sum of $11,626.83.

An execution was issued on said judgment on the thirteenth day of October, 1879, directed to the sheriff who, on the twenty-first day. of October, 1879, levied upon Mr. Ryan's interest in said lot, and by virtue of said execution, sold said interest to defendant, Mrs. Thomas, for $205, November 24, 1879. The sheriff's deed was executed, January 13, 1880, and duly recorded, May 5, 1880.

Mrs. English, while Christy & Ryan owned the land in partnership, was placed in possession of the lot as a tenant of Christy & Ryan. She has remained in possession ever since, up to the date of the trial.

After the sheriff's sale to Mrs. Thomas, November 24, 1879, Mr. Ryan told Mrs. English that she should, from that time, be the tenant of Mrs. Thomas, and to pay the taxes in lieu of rent for her; and there is evidence tending to prove that Mrs. English assented to that arrangement.

When Mrs. English first went into possession as tenant of Christy & Ryan, she cleared and fenced the land in lieu of paying rent. Beginning with the year 1877, she paid the taxes on the disputed half.

Her acts as tenant constitute the chief ground for controversy in the present litigation. Mrs. Thomas claims that they prove an attornment to her, while Mr. Rothschild insists that they show only an intent to hold for the true owner.

The position of Mrs. Thomas is that she has acquired title by adverse possession, as against Mr.

Rothschild, by reason of the alleged attornment of Mrs. English to Mrs. Thomas after the purchase by the latter at the execution sale in 1879. Mr. Rothschild denies this contention; and that issue is the principal one to be decided.

When the case was reached for hearing on the circuit, Mrs. Thomas demanded a trial by jury which the court denied; and this ruling has been regularly brought here for review.

From what has been already said it is plainly apparent that, though the form of the action is that of a partition proceeding, in substance it is simply a trial of title as between Mrs. Thomas and Mr. Rothschild. The issue of that trial depends upon controverted facts, or at least controverted inferences, touching the question of adverse possession.

The facts that the plaintiffs' share of the land is unquestioned, and that the real dispute is between the claimants of the other half interest, should not deprive the claimants of the right to have that dispute determined in the same manner as though it had arisen in an action between the present defendants instead of in a partition suit.

The statutory proceeding for partition is a civil action, and, by section 7138, "all pleadings and proceedings" therein, "shall be had as in ordinary civil actions."

Section 7145 declares that "the court shall ascertain from the evidence, in case of a default, or from the confession of the parties, if they appear, or from the verdict by which any issue of fact shall be determined, and shall declare the rights, titles and interests of the parties to such proceedings, petitioners as well as defendants, and determine such rights, and give judgment that partition be made between such of them as shall have any right therein accordingly."

But this section does not intend to confer the right

to try all issues in such an action upon the court, without the aid of a jury. Its language rather tends to support the view that some issues in such cases are properly triable by jury. It certainly does not appear designed to restrict the meaning of section 7138 which applies to these proceedings the principles governing the mode of trial in ordinary actions.

The litigation, as between Mrs. Thomas and Mr. Rothschild, directly involves the title to specific real property, namely, to the undivided half interest in the lot, which each claims. As such it would be plainly triable by jury, as a matter of right, under the code of civil procedure (R. S. 1889, sec. 2131) if the action were directly between the parties. We think the same practice should be applied, although the controverting parties are both defendants, for their claims can be as effectually adjudicated in the present action as though they alone were parties to it. (R. S. 1889, sec. 2207). We consider this conclusion obviously deducible from the ruling on this point in *Earl v. Hart* (1886), 89 Mo. 263.

The learned circuit court was in error in denying a trial by jury upon the issue of adverse possession raised by the pleadings and evidence in the case; and for this reason the judgment must be reversed and the cause remanded for a new trial.

2. In this court Mrs. Thomas has insisted that she is entitled to judgment as against the claim of title by Mr. Rothschild by reason of the stipulation in the deed of Mr. Ryan to Mr. Gibbons concerning the judgment in 1875, under which she asserts title as purchaser. We are satisfied, however, that whatever rights she may have, because of these facts, are equitable, not legal in their nature. They were not set up in her answer. It contained only a general denial and an affirmative plea of adverse possession.

As the case must go back for the reason already assigned, we consider it best to express no opinion on the branch of the controversy just alluded to, in view of the present state of the pleadings.

The judgment is reversed and the cause remanded. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.