BENOIST *et al.* v. ROTHSCHILD *et al;* THOMAS, *Appellant.*

### Division One, July 6, 1898.

1. **Priority of Liens:** JUDGMENT: MORTGAGE. Judgment was rendered in 1875, a deed of trust made in 1876, execution on the judgment issued in 1879, and sale under the deed of trust in 1880. *Held,* that, as more than three years had elapsed after judgment before execution issued, the purchaser at the trustee's sale acquired the title·

2. ———: ———: ———: RECITAL OF JUDGMENT IN MORTGAGE. And although the deed of trust may recite that the conveyance is made subject to the judgment lien, yet if three years have expired after judgment at the time execution is issued, and a sale has previously been made under the deed of trust, the purchaser at the sheriff's sale acquires no interest, legal or equitable.

3. **Cotenancy:** POSSESSION: SALE. Unity of possession is the essential attribute of a tenancy in common. The entry and possession of one tenant in common are *prima facie* the entry and possession of the other; and a sale by one cotenant of his interest in the land, without the knowledge or consent of the other, places the purchaser in the same position that the grantor had previously occupied. Therefore where C. and R., cotenants, put E. in possession of their property, and R. sold his interest to G., at a time when R.'s possession was not exclusive nor adverse to C.'s, the possession followed the common title, and E. became the tenant of C. and G., and continued in possession as the tenant of C. and G.'s grantees.

4. ——: ——: ——: ATTEMPTED ATTORNMENT. So that the attempt of E. to attorn, at the direction of R. (who then had no title) on the day after the sheriff's sale, to the purchaser thereat, who by such sale acquired no title, was unauthorized by law and void. And having made no disclaimer or done anything to indicate that he claimed adversely to the true owner (the purchaser under the deed of trust made by R.), E. continued to remain the tenant of the purchaser at the trustee's sale and of his subsequent grantees.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Laughlin & Tansey* and *Edward S. Robert* for appellant.

(1) Attornment can only be by word of mouth, or some act. 2 Coke upon Littleton [1 Am. Ed.], L. 3, ch. 10, sec. 551. (2) The relation of landlord and tenant does not arise between a purchaser and the occupants until the latter voluntarily attorns, or the purchaser exhibits his deed and demands an attornment. *Gray v. Rogers*, 30 Mo. 258; *Lindenbower v. Bentley*, 86 Mo. 515; *Green v. Sternberg*, 15 Mo. App. 32; *May v. Luckett*, 48 Mo. 472; *May v. Luckett*, 54 Mo. 437; *Green v. Sinclair*, 52 Mo. 327; *Kingman v. Abington*, 56 Mo. 46; *Clampitt v. Kelly*, 62 Mo. 571; *Sturges v. Botts*, 24 Mo. App. 282; *Culverhouse v. Worts*, 32 Mo. App. 419; *Holden v. Wann*, 43 Mo. App. 640. (3) The relation of landlord and tenant is confidential, and an attornment to any one without the landlord's consent is void, except in the cases mentioned in the statute, or where the landlord has parted with his title and the attornment is made to the person who has acquired such title. R. S. 1889, secs. 6373 and 8843; *Dausch v. Crane*, 109 Mo. 323; *Farrar v. Heinrich*, 86 Mo. 532; *Clampitt v. Kelly*, 62 Mo. 571; *Bank v. Calvin*, 60 Mo. 559; *Stagg v. Eureka*, 56 Mo. 317; *Leach v. Koenig*, 55

Mo. 451; *McCartney v. Auer*, 50 Mo. 395.; *Rutherford v. Ullman*, 42 Mo. 216; *Schultz v. Arnot*, 33 Mo. 172. (4) Where the owner is in possession and a stranger acquires the title, the relation of landlord and tenant does not arise unless the former owner attorns. *Kingman v. Abington*, 56 Mo. 46; *Cohen v. Kyler*, 27 Mo. 122; *Sturges v. Botts*, 24 Mo. App. 282. (5) Where a provision in a deed to land requires the grantee to pay money to a third person, as a part of the consideration, the sum becomes a charge upon the land and the land becomes the primary fund for the payment of the charge. Pomeroy's Eq. Jur. [2 Ed.], secs. 1205, 1206 and 1207; Jones on Real Prop. Conv., sec 644; *Dunlop v. Mobley*, 71 Ala. 102; *Townsend v. Ward*, 27 Conn. 610; *Comstock v. Hitt*, 37 Ill. 542; *Bugler v. Sargent*, 23 Me. 267; *Johnson v. Zink*, 51 N. Y. 333; *Freeman v. Auld*, 44 N. Y. 50; *Sanders' Estate*, 7 Penn. Co. Ct. 482; *Weir v. Simon*, 55 Wis. 637; *Weber v. Zeimet*, 30 Wis. 283; *Powers v. Powers*, 28 Wis. 659; (6) Where the covenant is contained in the deed subsequent purchasers are charged with notice. Pomeroy Eq. Jur. [2 Ed.], sec. 1206; *Weber v. Zeimet*, 30 Wis. 283; *Jumel v. Jumel*, 7 Paige, 591; *Freeman v. Auld*, 44 N. Y. 50; *Risk v. Hoffman*, 69 Ind. 137; *Young v. Trustee*, 31 N. J. Eq. 290.

*Nathan Frank, Chas. W. Bates* and *Benjamin H. Charles* for respondent, Rothschild.

(1) A judgment lien expires in three years, and a sale of real estate upon an execution issued after three years from the rendition of the judgment conveys no title as against the vendee of the judgment debtor who purchased prior to the issuance of the execution. *Christy v. McKee*, 94 Mo. 241; *Christy v. Flanagan*, 87 Mo. 670.

(2) Rothschild and his grantors were always in possession from the time of the Ryan deed to Gibbons in 1876 to the present time, and Mrs. Thomas was never in possession. (*a*) The legal seizin and possession follow the legal title (in the absence of actual adverse possession). *Bradley v. West*, 60 Mo. 33. (*b*) To divest of possession one in possession there must be actual ouster. *Mylar v. Hughes*, 60 Mo. 105. (*c*) The attornment of a tenant to the grantee of his landlord is valid and will be presumed. 2 R. S. 1889, sec. 6373; *Holden B. & L. Ass'n v. Wann*, 43 Mo. App. 640; *Cook v. Farrah*, 105 Mo. 492; *Lindenbower v. Bentley*, 86 Mo. 515. (*d*) A tenant is bound to deliver possession to his landlord or his landlord's grantee, and can not hold adversely to either of them, nor can he by agreement with a third person hold for such third person. *Cook v. Farrah*, 105 Mo. 492; *Farrar v. Heinrich*, 86 Mo. 521. (*e*) The attornment of the tenant to a stranger is void, and does not transfer possession. The owner is not ousted of, the stranger not invested with, possession. 2 R. S. 1889, sec. 6373; *Cook v. Farrah*, 105 Mo. 492; *Farrar v. Heinrich*, 86 Mo. 521. (*f*) Attornment of the tenant to a stranger without the consent of his landlord does not affect the landlord's possession. *Farrar v. Heinrich*, 86 Mo. 521. (*g*) The vendor can not claim adverse possession against his vendee without actual ouster. *Pentz v. Keuster*, 41 Mo. 447. (*h*) To convert a friendly possession, as in case of tenants in common, landlord and tenant and grantor and grantee, into an adverse possession, the intention to make the change must be distinctly made known to the true owner. *Meier v. Meier*, 105 Mo. 411; *Budd v. Collins*, 69 Mo. 129; *Campbell v. Laclede Gas Light Co.*, 84 Mo. 352; *Gordon v. Eans*, 97 Mo. 587; *Wommack v. Whitmore*, 58 Mo. 448; *Hamilton v. Boggess*, 63 Mo. 233; *Warfield v.*

*Lindell*, 38 Mo. 581; *Lapeyre v. Paul*, 47 Mo. 586; Freeman, Coten. and Part., sec. 241. (*i*) There could not be adverse possession against Rothschild (or his grantors), because the Christys, his cotenants, were always in the actual possession recognizing Rothschild's title and possession, and no one ever claimed adversely to the Christys. (3) (*a*) The failure to pay a part of the consideration for a conveyance of title does not affect the title, except that possibly the vendor retains a vendor's lien. But if a vendor's lien was retained it has never been enforced or attempted to be enforced, and cuts no figure in this case, not being pleaded by appellant. Furthermore, it is barred by the statute of limitations. *Zoll v. Carnahan*, 83 Mo. 35; 2 Jones on Liens, sec. 1099. (*b*) A subsequent purchaser is not chargeable with a vendor's lien unless the deed expressly reserves it, or he has actual notice thereof, and that it has not been paid. 2 Jones on Liens, sec. 1076; *Adams v. Buchanan*, 49 Mo. 64; *Moeller v. Holthaus*, 12 Mo. App. 526; *Zoll v. Carnahan*, 83 Mo. 35. (*c*) To make a grantee personally liable on or for a lien, the promise to pay must be express. However provable, it must be express. *Hall v. Morgan*, 79 Mo. 47; *Walker v. Goodsill*, 54 Mo. App. 631; *Tanguay v. Felthouser*, 45 Wis. 30; 1 Jones on Mortg., sec. 761; *Burr v. Beers*, 24 N. Y. 178; *Pardee v. Treat*, 82 N. Y. 385; *Durnherr v. Rau*, 135 N. Y. 219; *Hare v. Murphy*, 45 Neb. 809. (*d*) A promise to assume the payment of existing liens can never be converted into a charge upon land (which can be established only by some memorandum in writing signed by the party to be charged), because such a promise, being personal, is not within the statute of frauds, and may be proved by parol. *Merriman v. Moore*, 90 Pa. St. 78; 1 Jones on Mortg., sec. 750; *Price v. Reed*, 38 Mo. App. 489.

BRACE, P. J.—This is a proceeding in partition in which the plaintiffs as heirs at law of James Christy claimed title to an undivided half of a lot of land in the county of St. Louis, and the defendants each claimed adversely to the other the other undivided half thereof.

The defendants made no claim to the share of the plaintiffs, and by consent that share was adjudged to the plaintiffs, leaving the issue between the defendants as to the other undivided half to be determined. Upon the trial of that issue before the court, a jury having been waived, the finding and judgment was for the defendant Rothschild, and the defendant Thomas appealed.

It appears from the evidence that in the year 1866 James Christy and Thomas Ryan became seized in fee simple as tenants in common of the premises; that on the twenty second of November, 1875, a judgment was rendered in the circuit court of St. Louis county, which became a lien on Ryan's interest in said land in favor of the administrator of said Christy and others, against said Ryan, for the sum of $11,626.83; that on the nineteenth of May, 1876, the said Ryan, by his deed of that date, in which his wife joined, conveyed his undivided half of the premises, together with ten other parcels of land, to John F. Gibbons, the *habendum* clause of the deed being as follows: ''To have and to hold the same, together with all rights, privileges, easements, appurtenances, and hereditaments to the same belonging unto the said party of the second part, his heirs and assigns forever; and the said Thomas Ryan, for himself, his heirs, executors and administrators, covenants to and with said Gibbons that he and they shall and will, with the exceptions hereinafter made and mentioned, warrant and defend the title to the premises conveyed unto him, the said John F. Gibbons, his heirs, executors, administrators

and assigns against the lawful claims and demands of all and every person or persons whosoever, lawfully claiming the same, which exceptions are three in number and are: *First*, judgments against said Thomas Ryan in the courts of St. Louis county and in favor respectively of the legal representatives of' James Christy and Samuel M. McCarty; *second*, certain mortgages and deeds of trust by said Ryan and wife, executed and already duly recorded, subsisting liens upon some or all of the property hereby conveyed, and of which said Gibbons is fully advised by the examination of the title he has made; *third*, taxes assessed last year, but payable during this year. The amount of all which liens, taxes and hypothecations have been computed between the parties hereto as part of the consideration of this deed, and the said Gibbons has purchased the property hereby conveyed for said sum of twenty-eight thousand dollars in addition to and exclusive of the sum necessary for the hypothecations." On the twenty-sixth of June, 1877, the said Gibbons by his deed of that date conveyed the premises to Thomas J. Smith. The conveyances to Gibbons and Smith were in trust for the Butchers & Drovers Bank, for whose benefit the title thus acquired by them was held. On the thirteenth of January, 1880, the sheriff by his deed of that date duly executed and delivered in pursuance of a sale made by him on the twenty-fourth of November, 1879, on an execution issued on the aforesaid judgment on the thirteenth of October, 1879, conveyed the premises to the appellant Kate F. Thomas.

On the twenty-first of August, 1880, Thomas J. Smith, and the Butchers & Drovers Bank, by their deed of that date, conveyed the premises to J. W. Davitt, whose title the respondent Rothschild acquired on the twenty-seventh of July, 1888, by *mesne* con-

veyances.   The evidence further tends to prove that in the year 1867, when the premises were being held by James Christy and Thomas Ryan, as tenants in common, Mrs. Mary English went into the actual possession of the same under an arrangement with Ryan that she should clear up and fence the same and in consideration thereof should have the use and occupancy of the premises for an indefinite period.   That Mrs. English under this arrangement continued in the actual possession of the premises until the day after the sheriff's sale aforesaid.  That on that day in the presence of his daughter, Mrs. Thomas the appellant, Ryan told Mrs. English that he no longer had any interest in the premises, but that she could thereafter continue in possession of the same as the tenant of his daughter by paying the taxes on the property for her. That about a year afterward she made a similar arrangment with Mr. Chambers, the president of the bank, and Mr. Davitt by which she was to continue in possession by paying the taxes on the premises for Mr. Davitt.   Mrs. English seems to have been under the impression that the whole interest of the owner had been sold and that Mrs. Thomas had purchased one undivided half interest, and some one to whom Chambers, and then Davitt, and then Rothschild, succeeded, had purchased the other undivided half, and thus she continued in possession, paying as she understood it, one half of the taxes on account of the Thomas interest and one half on account of the Davitt-Rothschild interest, until some time prior to March the first, 1889, when she accepted a lease from Rothschild for the west half of the premises for one year from that date, at a rental of $65 per annum, and since the latter date continued in possession paying the taxes for Mrs. Thomas, and the rental aforesaid to Rothschild, and was so in possession at the date of the institution of

this suit, and the filing of defendants answers therein. The suit was instituted on the fourteenth of February, 1891. The answer of Rothschild was filed on the thirteenth of May, 1891, and the third amended answer of Mrs. Thomas was filed on the sixth of October, 1891, on which issue was on the same day joined by reply of Rothschild. The issue was tried and went to judgment in favor of Rothschild from which judgment Mrs. Thomas appealed to this court, where the judgment was reversed (May 14, 1894) and the cause remanded for new trial, 121 Mo. 660. After the case was remanded Mrs. Thomas filed a fourth amended answer in which, after putting in issue Rothschild's title and claiming title by adverse possession, she set up an equitable title and upon the issue joined in that answer the case was tried which resulted in the present judgment.

1. That the respondent Rothschild has acquired Ryan's legal title to the premises, unless that title was divested by the sale and sheriff's deed made in pursuance thereof as aforesaid is conceded, and it appearing that the execution by virtue of which that sale was made and the deed executed, was not issued until more than three years after the judgment was rendered, it must also be conceded that Ryan's title was not thereby divested, and that the respondent Thomas failed to acquire title by that deed. *Christy v. McKee*, 94 Mo. 241. This proposition is not disputed, appellant's first contention being that upon the facts stated she acquired title by adverse possession; the adverse possession being the possession of Mrs. English, which appellant claims as her possession by virtue of the attornment to her of Mrs. English after the sheriff's sale, so that the main question to be decided on this contention is, whether or not Mrs. English's possession was adverse to the respondent and his grantors.

2.   The argument, in brief, in support of this con-
tention, is that Mrs. English was in possession on the
day the Gibbons deed was made as the tenant of
Thomas Ryan.   That thereafter not having attorned to
Gibbons or his grantees, she continued in possession as
the tenant of Ryan until the day after the sheriff's sale
was made, and upon that day having with the assent
of Ryan attorned to the appellant, she thereupon be-
came appellant's tenant, and appellant having thus
become her landlord, her subsequent attornment to
respondent and his grantor without appellant's consent
was void; *ergo*, the appellant by her tenant Mrs. Eng-
lish, has been in the adverse possession of the premises
ever since May 19, 1876, the date of the Gibbons
deed.

The vice of this argument is the false assumption
that on the day the Gibbons deed was made, Mrs. Eng-
lish was the tenant of Thomas Ryan.   She was the
tenant of the owners of the premises, who were James
Christy and Thomas Ryan, tenants in common thereof.
Unity of possession is the essential  attribute of a ten-
ancy in common.   The entry and possession of one
tenant in common are *prima facie* the entry and posses-
sion of the other, and in support of the common title.
To establish title in  one cotenant against another by
adverse possession, there must be such outward acts of
exclusive ownership of an unequivocal character as to
import notice to the cotenant that an adverse possession
is intended to be asserted against him.   *Rodney v. Mc-
Laughlin*, 97 Mo. 426; *Long v. McDow*, 87 Mo. 197;
*Lapeyre v. Paul*, 47 Mo. 586; *Warfield v. Lindell*, 30 Mo.
272.   No such acts characterized the entry and posses-
sion of Mrs. English in this cause, consequently the en-
try and possession of Mrs. English was the entry and
possession of Christy and Ryan as tenants in common.
"A cotenant may convey at his pleasure his undivided

interest in all the lands held in common without the knowledge or consent of his companions in interest. In this case the effect of the deed is to place the grantee in the deed in the same position that the grantor had previously occupied." *Worthington v. Staunton*, 16 W. Va. *loc. cit.* 241. "Whatever the deed may profess to dispose of, the grantee, as between himself and the other cotenants, can obtain no greater interest than his grantor had the right to enjoy." Freeman on Coten. and Part., sec. 196. The effect of the deed from Ryan to Gibbons was therefore to place Gibbons in the same position, in regard to the premises, as that previously occupied by Ryan, and Ryan's possession by Mrs. English being an actual possession, not exclusive or adverse, but in common with Christy, the common possession followed the common title, and she became the tenant of Christy and Gibbons, and as such continued in possession as the tenant of Christy and his cotenants, the grantees in succession of Gibbons, and was so in possession when the day after the sheriff's sale by the direction of Ryan who then had no interest in the premises, she attempted to attorn to the appellant, who having, as we have seen, acquired no title by such sale, upon an execution unauthorized by law and void, and the deed made in pursuance thereof was a stranger to the true title and to Mrs. English's possession thereunder, such attempted attornment having also been made privily and without the knowledge or consent of the true owners, or either of them, was as to them, and each of them, void. R. S. 1889, sec. 6373; *Cook v. Farrah*, 105 Mo. 492; *Farrar v. Heinrich*, 86 Mo. 521; 1 Taylor Land. and Ten., p. 180. And not having been followed by a disclaimer of possession under the true owners, brought to their knowledge, or by any subsequent outward act of exclusive ownership of such an unequivocal character as to impart notice to the true owners or either of them, that an

adverse possession was intended, Mrs. English's possession thereafter continued as before, the possession of the true owners, and not a possession adverse to them, or either of them, up to the time this suit was brought. *Meier v. Meier*, 105 Mo. 411; *Estes v. Long*, 71 Mo. 605; *Budd v. Collins*, 69 Mo. 129. In fact, when the whole evidence of Mrs. English is considered together, it becomes apparent that this is just what she intended, and although some of her acts may seem inconsistent with this idea, such acts evidently resulted from her ignorance, at times, of who were the true owners, and not from any hostile intention towards them. It thus appearing that Mrs. English, at the time the suit was brought, was in possession of the premises as the tenant of the true owners of the property, tenants in common as aforesaid, and not adverse to them or either of them, the appellant showed no title by adverse possession through her to the undivided half thereof, of which the respondent was the true owner as tenant in common with the plaintiffs. And the circuit court committed no error in so holding.

3. It is next contended that although the appellant may not have acquired the legal title to the premises by the sheriff's deed, or by adverse possession; that she did by her purchase at the sheriff's sale acquire some sort of equitable title to which the respondent's legal title ought to be subjected, growing out of the fact that the judgment on which the execution issued, under which the sale was made at which she purchased and in pursuance of which the sheriff's deed was made to her, was one of the judgment liens recited in the deed from Ryan to Gibbons as having been computed between the parties thereto as part of the consideration for the premises, it having been admitted that less than $5,000 was paid on said judgment. In answer to the argument on this contention we deem it necessary only

to say that inasmuch as the lien of said judgment rendered in 1875, against Ryan had expired when the execution was issued upon it, in 1879, it is not seen how the appellant could have acquired any interest by her purchase at the sale under it; at all events, she could have thereby acquired only "such interest as Ryan then had in the property and Ryan having parted with all his interest by the deed made to Gibbons in 1876, she acquired nothing by virtue of her purchase at said sale." *Christy v. McKee,* 94 Mo. *loc. cit.* 252.

The judgment of the circuit court is affirmed. ROBINSON and WILLIAMS, JJ., concur; MARSHALL, J., not sitting.