JOHN A. FROWEIN v. THEODORE F. POAGE, Appellant.

Division Two, November 29, 1910.

1. QUIETING TITLE: Right to Possession: Accretion: Matter for Jury. Where the contest, in a suit brought to ascertain and determine the title to "made" lands, is purely one at law, the only question at issue being one of fact—as to whether the land is an accretion to the shore or to a surveyed island in the river—the issue is for the jury, and a jury cannot be denied unless waived.

2. ———: Jury Denied: Raised in Motion in Arrest: No Exception. Either plaintiff or defendant has a constitutional

right to a jury to determine a contest at law, unless it is such a case as calls for a reference, etc.; and if not waived, it cannot be denied. And where appellant demands a jury, and one is denied, he does not waive it, if the trial proceeds, by participating therein; and he preserves the point for review by filing his motion in arrest setting forth only that the judgment is erroneous. He need not specifically complain in his motion of a denial of a jury trial; nor will his right to urge a constitutional right to a jury trial on appeal be denied if he preserved no exception to the overruling of his motion or his request for a jury, the error being one of record and not one of exception.

3. ———: ———: Constitutional Question. Where the Supreme Court has reached the conclusion that the trial court committed error in denying to appellant a jury trial on the only issue of law and fact in the suit to quiet title, it will not consider whether Sec. 650, R. S. 1899, is unconstitutional, since that statute does not deny a jury trial where the issues are of purely legal cognizance.

4. ———: ———: Issues of Fact. No expression on the weight of the evidence going to support the findings of fact by the trial court will be made on appeal, where it is held that a jury trial was erroneously denied.

Appeal from Marion Circuit Court.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*W. M. Boulware* and *F. L. Schofield* for appellant.

The pleadings made a case of controversy simply and purely as to the legal title to land. The court ruled: (1) That the question which of two claimants of adverse title at law was vested with the true title, could be tried and determined by a proceeding under Sec. 650, R. S. 1899; (2) that under said section said question was required to be tried by the court as in equity, and that defendant was without right under the Constitution and laws of Missouri to have same tried by jury; (3) that under said section the court could not only by decree declare the legal title to be in one or the other of the parties litigant, but could declare

the title be in neither of them and adjudge it to be in a third person not a party to the suit and not in any manner a claimant. Defendant maintains: First, that the section does not embrace adversary titles; second, if it does by its terms embrace adversary titles at law, then the procedure and trial must be under the dominion of the general practice act, and the parties will have the right to a trial by jury; and, third, if the section embraces a case of adversary legal title, and if by its terms it authorizes or requires a trial by the court without a jury, then and in that case said section, in so far as it makes said requirement or gives such authority, is in conflict with sec. 28, art. 2, of the Constitution of Missouri, and therefore void. (1) Section 650, R. S. 1899, has no application to contests between adverse claimants of lands. R. S. 1855, p. 1241, sec. 62; Grant v. King, 31 Mo. 312; G. S. 1865, p. 662, sec. 53; Webb v. Donaldson, 60 Mo. 394; R. S. 1879, p. 608, sec. 3562; R. S. 1899, sec. 2092; Laws 1897, p. 74; Meriwether v. Love, 167 Mo. 514; R. S. 1899, secs. 647 and 650. (2) "The right of trial by jury as heretofore enjoyed shall remain inviolate." Mo. Constitution, art. 2, sec. 28. While it may be conceded, as it has been repeatedly held, that all limitations on the right which were known and recognized at the time of the adoption of the Constitution were thereby affirmed and made continued limitations on the right, yet nevertheless, the above section by its very terms forbids all restriction of this right to any narrower limits. Accordingly it has been held by this court that while the statute concerning references (sec. 698) in cases involving long accounts, is not in violation of the Constitution, yet upon the other issues involved in such cases and not referred the parties are entitled, under the above provision of the Constitution, to a trial by jury. Tinsley v. Kemery, 170 Mo. 310. And again that, as this statute is in the nature of an exception to the right of trial by jury, it should not be extended by

loose construction, and that where the whole case could
have been fairly and conveniently tried by a jury a
compulsory reference was held error as contrary to
constitutional right. Ice Co. v. Tamm, 138 Mo. 385.
Of course the above section of the Constitution would
exclude jury trials in chancery cases. Ely v. Coontz,
167 Mo. 371. And if section 650 is to be upheld and
literally construed and applied in all cases, it enforces
trials in all cases in the manner pursued in courts of
equity alone. For it is manifest that all the offices and
functions of the court, sitting in a proceeding under
the statute, are peculiarly and distinctly such as are
exercised only by courts of chancery. To "ascertain
and determine the estate, title and interest" of parties
litigant in real property, and to "define and adjudge
by its judgment and decree the title, estate and interest
of the parties severally in and to such real property,"
are matters of exclusive equitable cognizance. Such
a proceeding bears no analogy to any suit or action
known to courts of law. While our code has abolished
the distinction between mere forms of action, and has
blended the jurisdiction of our courts of law and
equity, the fundamental distinctions of substance be-
tween legal and equitable rights have never been over-
thrown and the principles by which these rights are to
be determined yet remain unchanged. Maguire v. Vice,
20 Mo. 429; Richardson v. Means, 22 Mo. 495; Bliss v.
Prichard, 67 Mo. 191; Kline v. Vogel, 90 Mo. 249; State
ex rel. v. Evans, 176 Mo. 317. The proceeding au-
thorized by this statute is quite analogous to the old
bill in equity to quiet title or to remove a cloud, ex-
cept that it is much broader. Under the old proceed-
ing in such cases a mere equitable right was not suffi-
cient to support the bill; it was requisite that the com-
plaining party should have both legal ownership and
actual possession. Orton v. Smith, 18 How. 263; United
States v. Wilson, 118 U. S. 86; Frost v. Spitley, 121 U.
S. 552. (3) The issues made by the pleadings have

always been the test by which to determine whether the action is at law or in equity; and no reason is perceived against the application of the same rule in a proceeding under this statute. Ridgway v. Herbert, 150 Mo. 606; Greyson v. Weddle, 80 Mo. 39; Hardware Co. v. Wolter, 91 Mo. 484; Kortjohn v. Seimers, 29 Mo. App. 271; New Harmony Lodge v. Railroad, 100 Mo. App. 407. (4) The action by plaintiff in this case against the defendant in possession of and claiming legal ownership in the lands in controversy was manifestly and simply, "an action for the recovery of specific real property," and therefore, by the express terms of section 691, "must be tried by a jury unless a jury trial be waived." R. S. 1899, sec. 691; Mfg. Co. v. Milling Co., 79 Mo. App. 156; Major's Heirs v. Rice, 57 Mo. 384. Neither party can be deprived of this right by the interposition of an equitable defense in an action at law. Plow Co. v. Hartman, 84 Mo. 610; Kitchen v. Railroad, 59 Mo. 514; Schuermann v. Ins. Co., 165 Mo. 641; Wolff v. Schaeffer, 4 Mo. App. 367; Rand, McNally & Co. v. Wickham, 60 Mo. App. 44. (5) The fact that the duty of a trial under a statutory proceeding is laid upon the "court," will not be allowed to deprive a party to such a proceeding of his right to a jury trial where the issues present a case entitling the party to such right. Benoist v. Thomas, 121 Mo. 660; Gunn v. Thurston, 130 Mo. 348; Earl v. Hart, 89 Mo. 269; R. S. 1889, sec. 2613; Briggs v. Railroad, 111 Mo. 174.

*Reuben F. Roy* for respondent.

(1) The abstract does not show that any exception was taken to the action of the trial court in overruling the motions for new trial and in arrest, so that there is nothing before the court but the record proper. State ex rel. v. Sanford, 181 Mo. 134. (2) The position taken by the appellant in the first subdi-

vision of his brief has been ruled against him twice by this court, the court holding that section 647 has been repealed by section 650. Hudson v. Wright, 204 Mo. 412; Meriwether v. Love, 167 Mo. 514. (3) The contention of appellant in the second subdivision of his brief that he was wrongly deprived of a jury trial is met by the fact that the motion in arrest in this cause is not before the court, as it is not shown by the appellant's abstract to be in the bill of exceptions. This court has held that the refusal to permit a jury trial must be raised by motion in arrest, and if not so raised, is lost. The motion in arrest shown in abstract does not even indirectly refer to that point. Vaughn v. Scade, 30 Mo. 600; Naylor v. Chinn, 82 Mo. App. 160; Brown v. Falker, 69 Mo. App. 418; Briggs v. Railroad, 111 Mo. 168; Scott v. Russell, 39 Mo. 409; Cox v. Moss, 53 Mo. 433; Tower v. Moore, 52 Mo. 120; Brown v. Railroad, 37 Mo. 298.

GANTT, P. J.—This action was brought under section 650, Revised Statutes 1899.

In substance the petition avers that the plaintiff is the owner in fee of the tract of land, described therein, as an accretion to other lands belonging to him on the west shore or bank of the Mississippi river in Marion county.

The specific tract to which plaintiff asserted title is about fifty acres, the southern boundary thereof being the road embankment from the old bank of said river to the bank or shore line of Goose Island, the northern line thereof being a dike made by the United States Government, the western line being the old bank of the said river and the eastern line thereof being the said Goose Island and the Mississippi river. The petition prayed the court to ascertain and determine the title or estate of plaintiff and defendant respectively in said tract and to adjudge and decree the

same. There is no allegation as to the possession of the land.

The answer, after specific denials of the facts alleged in the petition, states that defendant is in the actual possession and occupancy of the east half of said tract, claiming title thereto, and that his title therein and possession thereof cannot be litigated or adjudicated in this proceeding.

Defendant further states that he is the owner in fee of Island No. 7 in the Mississippi river, commonly called Goose Island; that the effect of the building of the several dikes and dams therein mentioned by the United States Government was to deflect the waters of the said river running between said Goose Island or Island No. 7 and the Missouri shore, and that part of the bed around and above the head or northern end of said island gradually filled up over the entire extent thereof by the gradual and continuous deposits therein made by the water until said island and shore became connected, and by reason thereof the eastern half of said new made land, extending the full length thereof, became attached to and formed a part of said island and is owned by the defendant. That the persons under whom plaintiff claims title to the Missouri shore line only asserted title to themselves in the west half of said new made land, and disclaimed title to the east half thereof, and defendant erected a fence on the division line and has ever since maintained the same.

The reply was a general denial.

When the cause was reached for trial the defendant filed his written motion wherein he requested the court to declare the law to be that under the pleadings, the title to said tract could not be tried under section 650, Revised Statutes 1899; second, that under the Constitution and laws of this state defendant was entitled to a trial of the question of his title by a jury,

which motion the court overruled, and denied a jury to try the question, and defendant duly excepted.

Thereupon plaintiff and defendant agreed in open court: First, that at the time of bringing this suit plaintiff was and is now the owner of and in possession of fractional sections two and eleven in township 59, range 5, west, in Marion county, Missouri, and that the east line of said sections was and is the west shore line or bank of the Mississippi river as originally surveyed by the United States Government. Second, that defendant is and was the owner of and in possession of Island No. 7 or Goose Island, in the Mississippi river, according to the Government survey of the United States, the same being in section 11 if the same were extended into the river.

Thereupon counsel for plaintiff announced to the court that plaintiff would not and did not claim title to any land south of a line running from the north point of Goose Island or Island No. 7 west to the old bank of the Mississippi river, but claimed and would claim title to the new made land north of said line, and abandoned all claim to the new made land lying south of said line, and between said line and the roadway mentioned.

Each party then offered and introduced evidence tending to establish his claim to said new made land, the tract in controversy, the plaintiff's evidence tending to show that it was an accretion to his fractional sections 2 and 11 in township 59, range 5, and defendant's evidence was directed to showing said tract was an accretion to his Island No. 7 or Goose Island. It was on this ground the battle was waged.

There were no equities pleaded, either in the plaintiff's petition and reply or the defendant's answer, nor did the evidence tend to show a right in equity on either side. It was a plain contest at law, a question of fact, as to which tract the new made land in controversy herein was an accretion. In a word, the issue

was one of accretion alone; was it an accretion to plaintiff's lands on the west shore of the river, or was it an accretion to defendant's island? In the face of these undeniable facts there can we think be no doubt that the defendant was entitled to a jury and that the court erred in denying a jury trial. [Lee v. Conran, 213 Mo. 404; Berry v. Railroad, 223 Mo. 358; Withers v. Railroad, 226 Mo. 373.]

The pleadings and the evidence required nothing but a plain judgment at law either for plaintiff or defendant. But plaintiff insists defendant has not saved this point in such a manner as to entitle him to complain of the error of the circuit court in denying him a jury trial. The record discloses that he demanded a jury and it was denied. The pleadings presented a case for a jury trial. There was no waiver of this right. Having been refused a jury and the judgment being adverse to him, he filed his motion in arrest of judgment, but did not specifically set forth the denial of a jury trial, but simply that upon the record the judgment was erroneous.

Section 28 of article 2 of the Constitution of Missouri ordains that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate."

Our Code of Civil Procedure provides (sec. 691, R. S. 1899), that "an issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered as hereinafter provided."

Section 693 provides: "Parties to an issue of fact shall be deemed to have waived a trial by jury in the following cases: First, by failing to appear at the trial; second, by written consent, in person or by attorney, filed with the clerk; third, by oral consent in court, entered on the minutes." In Briggs v. Railroad, 111 Mo. l. c. 175, it was said: "No waiver in any of these methods is shown to have been made. *This er-*

*ror, being one of record,* was properly taken advantage of by motion in arrest of judgment. [Scott v. Russell, 39 Mo. 409; Cox v. Moss, 53 Mo. 433; Brown v. Railroad, 37 Mo. 298.]''

It appearing that defendant not only did not waive a jury trial, but actually demanded one, and it having been ruled that it is not necessary to save an exception, as the error is one of record and can be taken advantage of by a motion in arrest, the question arises can it not also be taken advantage of by writ of error or appeal without a motion in arrest? In our practice there is practically no difference between an appeal and a writ of error. Each brings the record before the appellate court, and by section 866, Revised Statutes 1899, it is provided: ''The Supreme Court, St. Louis Court of Appeals and Kansas City Court of Appeals, *in appeals or writs of error, shall examine the record* and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law,'' etc.

In Bateson v. Clark, 37 Mo. 31, it appeared that the objection was not raised in the circuit court and no exceptions were saved, and it was insisted on for the first time in the Supreme Court, but the Supreme Court noted the distinction between error of record and exception merely, and held that error apparent in the record proper could be considered and remedied in this court whether any exceptions were taken or not. If the insufficiency of a petition or the failure to swear a jury, or the like, can be taken advantage of for the first time in the appellate courts, who will say that a positive denial of a plain constitutional right apparent on the record proper may not also be taken advantage of, in this court, without a motion in arrest? In our opinion no such distinction can be made, and we think that while the motion in arrest was not sufficiently specific to have reached a matter of exception merely,

under section 866, Revised Statutes 1899, the motion was not absolutely essential. [Lilly v. Menke, 126 Mo. l. c. 211 et seq.]

The denial of a jury trial to defendant was error for which the judgment must be reversed, and the cause remanded. [Briggs v. Railroad, 111 Mo. l. c. 174; Benoist v. Thomas, 121 Mo. 660.]

Having reached this conclusion, it becomes unnecessary to maintain the constitutionality of section 650, Revised Statutes 1899, which learned counsel assail in a strong brief on the theory that it denied a jury trial. Having concluded that when the issues are of purely legal cognizance as in this case, the parties are entitled to a jury trial, the objections to the constitutionality of the act vanish.

II.   Counsel for defendant have assailed and counsel for plaintiff defended the findings and conclusions of the circuit court on the facts of the case. Inasmuch as we are of opinion the court erred in trying the case without a jury, we refrain from expressing an opinion on the weight of the evidence. It will be for the jury under proper instructions to weigh the evidence and find the facts, and manifestly this court ought not to express an opinion thereon in advance. Moreover the testimony may be different on a new trial.

We will say, however, that we do think that the map, designated in this record as "Plaintiff's exhibit No. 1" is not a "*survey*" by the United States Government but is a diagram of the situation made by the officers in charge of the work of improvement of the Quincy harbor. As such it was competent to enlighten the jury as to the relation of the Island, the mainland on the Missouri shore, the dikes and road, but not as an official survey.

For the refusal of the demand of defendant for a

jury trial, the judgment is reversed and the cause re-manded for a new trial as an action at law.

*Burgess, J.,* concurs. *Kennish, J.,* was not a mem-ber of the court when the cause was argued and there-fore takes no part in the case.