**Edward H. WIRTHLIN,**
**Plaintiff-Respondent,**

v.

**Mary Patricia WIRTHLIN,**
**Defendant-Appellant.**

**No. 47191.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

John L. Davidson, Klamen & Danna, Clayton, for defendant-appellant.

Bamburg & Heinz, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from the trial court's order denying her motion to transfer the cause from the equity to the civil jury trial docket.

Plaintiff filed a petition to partition certain real estate. Defendant filed an answer denying that plaintiff had any interest in the property and filed a three count counterclaim. Defendant contending her coun-

**572**

terclaim raised legal issues filed a "Motion To Transfer Cause From Equity To Civil Jury Trial Docket." The court denied the motion and stated, "[i]nsofar as compatible with law the Orders herein entered are made final for purposes of appeal."

On appeal, defendant contends the trial court's action denied her the right to a jury trial. We have reservations that defendant's request to transfer the cause to the civil jury trial docket constitutes a proper request for a jury trial. *See Hadley Bros. —Uhl Co. v. Scott,* 93 S.W.2d 276, 280 (Mo. App.1936).

But even if we treat it as such, it is not an appealable order. The trial court's designation of an order as final for purposes of appeal pursuant to Rule 81.06 does not end the inquiry. *Erickson v. Lockhart,* 639 S.W.2d 418 (Mo.App.1982); *Donnelly v. American Family Mutual Insurance Co.,* 652 S.W.2d 744, 745 (Mo.App.1983).

The right of appeal is statutorily governed by § 512.020, RSMo 1978 and Rule 81.06 cannot extend it. *Moreland v. State Farm Fire & Casualty Co.,* 620 S.W.2d 24, 25 (Mo.App.1981). Rule 81.06 does provide for appeal from certain interlocutory dispositions of claims. However, in order for the disposition to be a proper subject for appellate review, it must constitute a distinct judicial unit; that is a judgment which terminates the action with respect to the claim adjudged. *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793 (Mo.App.1983).

The order under review is nothing more than a pre-trial order relating to a procedural matter. Rule 81.06 had no application to such orders. *Fombelle v. Poteete,* 655 S.W.2d 801, 802 (Mo.App.1983).

Defendant cites *Benoist v. Thomas,* 121 Mo. 660, 27 S.W. 609 (1894) to support her contention that an order denying a request for a jury trial in a partition action is an appealable order. However, a review of *Benoist v. Rothschild,* 145 Mo. 399, 46 S.W. 1081, 1082 (Mo.1898), the same case on appeal a second time makes it clear that *Be-*

*noist v. Thomas* does not support defendant's contention.

Appeal dismissed as premature.

KAROHL, P.J., and CRANDALL, J., concur.