**Charles L. COCHRAN, Jr. and Eunice Bernice Cochran, Respondents,**

**v.**

**Alfred Martin HOPKINS and Lois M. K. Hopkins, Appellants.**

**No. KCD 29170.**

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Robert M. Liston, Wesner, Wesner & Turley, Sedalia, for appellants.

Michael L. McDorman, Woolsey & Yarger, Versailles, for respondents.

Before WELBORN, Special Judge Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ROBERT R. WELBORN, Special Judge Presiding.

Appeal from judgment in favor of plaintiffs on action to reform deed.

Charles L. Cochran, Jr., and Eunice Bernice Cochran brought suit against Alfred Martin Hopkins and Lois M. K. Hopkins. The case was tried on plaintiffs' second amended petition which was in three counts. Count I sought reformation of a deed on grounds of mutual mistake. Count II sought damages for fraud based upon the same transaction as in Count I. Count III sought reformation of the deed on the grounds of fraud. Defendants counterclaimed for trespass by plaintiffs on the land in controversy.

When the case came to trial, defendants' counsel stated that they desired a jury trial on Count II and trial proceeded on Counts I and III. During the course of the trial, defendants announced that they wished a jury trial on their counterclaim.

At the end of the trial, the court found for plaintiffs on Count III of their petition and dismissed Count I. Judgment was entered accordingly. The judgment contained no recitation that it should be considered final for purpose of appeal.

Under § 512.020, RSMo 1969, an appeal lies only from a final judgment. To be final for purpose of appeal, a judgment must dispose of all parties and issues. *Jones v. Washburn*, 560 S.W.2d 604, 606[2] (Mo.App.1978).

Rule 81.06 defines when a judgment is final in cases involving separate trial of a claim or counterclaim. It provides:

"When a separate trial of any claim, counterclaim or third-party claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri. When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined. In any case (jury or nonjury) when a separate final judgment is entered the court may stay its enforcement until other or all final judgments in the cause are entered and may prescribe such conditions as are necessary to secure and protect the relative rights of all parties; provided, however, any such stay shall not affect the right of appeal."

In this case, Count II of plaintiffs' petition which was reserved for trial by jury was a claim for fraud arising out of the same transaction as formed the basis for Counts I and III of plaintiffs' petition. Therefore, this case is controlled by the second sentence of above-quoted Rule 81.06. The trial court not having designated the judgment final for purpose of appeal, there is no final appealable judgment and the appeal must be dismissed.

Appeal dismissed.

All concur.