Inas MORELAND, Plaintiff-Respondent,

v.

STATE FARM FIRE & CASUALTY CO., a corporation, Defendant-Appellant.

No. 11828.

Missouri Court of Appeals,
Southern District,
Division Two.

June 15, 1981.

Motion for Rehearing or Transfer
Denied July 2, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Robert S. Wiley, Crane, Joe R. Ellis, Cassville, for plaintiff-respondent.

E. Mitchell Hough, Dale L. Davis, Bussell, Hough & O'Neal, Springfield, for defendant-appellant.

BILLINGS, Judge.

Suit on a fire insurance policy. Plaintiff's petition was in two counts, count one asking for reformation to correct the legal description of the location of the house and its contents and count two seeking damages for loss by fire of the dwelling and contents. In addition to denying allegations of the petition the defendant plead various affirmative defenses. The reformation count was tried by the court without a jury and a decree reforming the legal description entered. Ten days later the decree was amended by the addition of the following: "This Judgment and Decree pertaining to Count I of plaintiff's petition shall be deemed and is a final judgment for purposes of appeal within the meaning of Section 512.020, R.S.Mo." This appeal followed.

Neither party has questioned our jurisdiction to entertain this appeal and have not addressed the basic problem of whether or not the order of the trial court reforming the insurance policy is an appealable order. It is admitted that the count for damages has not been tried.

In *Readenour v. Motors Insurance Corporation*, 297 S.W.2d 554 (Mo. banc 1957), our supreme court ruled the decree reforming a fire insurance policy, entered following a separate bench trial, was not a final appealable judgment within the meaning of Rule 3.29 (now 81.06), V.A.M.R., and § 512.020, RSMo 1978. The court said plaintiff's two-count suit for reformation and damages constituted but one claim.[1]

 Rule 81.01, V.A.M.R., provides: "The right of appeal shall be as provided by law." Section 512.020, RSMo 1978, is the basic statutory provision governing the right of appeal in civil cases. Rule 81.06, V.A.M.R., in establishing a method for determining in instances covered by the rule whether or not a judgment is final for purpose of appeal, cannot extend the right of appeal granted by the statute. Mo. Const. Art. V., § 5, V.A.M.S. There must be either a judgment or an order within the limits prescribed by § 512.020, V.A.M.R. The amendment to the court's decree that it was final for purpose of appeal is without effect and there is no judgment from which an appeal lies. *State ex rel. St. Hwy. Com'n v. Armacost Motors Inc.*, 502 S.W.2d 330 (Mo.1973); *Readenour v. Motors Insurance Corporation*, supra.

The appeal is premature and is ordered dismissed.

HOGAN, J., concurs.

MAUS, C. J., and PREWITT, P. J., disqualified.

---

1. Defendant did not appeal the reformation decree and the damage count was tried several months later. On appeal to the Kansas City Court of Appeals, *Readenour v. Motors Insurance Corporation*, 287 S.W.2d 135 (Mo.App. 1956), the court refused to consider defendant's alleged errors as to the reformation proceeding on the ground that the decree was a final appealable order.