Michael MILLS and Charlotte S. Mills, Plaintiffs-Respondents,

v.

CAMERON MUTUAL INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 12651.

Missouri Court of Appeals, Southern District, Division Three.

April 20, 1983.

Dennis P. Wilson, Parsons, Mitchell & Wilson, Dexter, for plaintiffs-respondents.

James E. Spain, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for defendant-appellant.

PREWITT, Judge.

Plaintiffs sought recovery on an insurance policy for damage to milo belonging to them stored in a grain bin. They allege that the damage occurred when a roof on the grain bin was partially blown off during a wind and rain storm and the milo became wet. The milo damaged was "under government loan", and the policy as written did not cover loss to plaintiffs' grain under government loan.

Plaintiffs' petition was in two counts. Count I sought to reform the policy to provide coverage on grain under government loan. Count II sought $20,000 for the loss of the milo. Following non-jury trial on Count I, the trial court entered a decree on Count I reforming the policy to provide coverage on grain under government loan. Under Rule 81.06 it designated the decree as a final judgment for the purpose of appeal. According to the record before us no ruling has been made on Count II.

Although not questioned by the parties, this court is obligated to determine if it has jurisdiction. *Boatner v. Slusher, Inc.,* 614 S.W.2d 35 (Mo.App.1981). Rule 81.06 allows the trial court, following non-jury trial, to designate as final for appeal a "judgment entered" upon "claims arising out of the same transactions, occurrence or subject matter as the other claims stated or joined in the case". However, a suit on an insurance policy which seeks reformation and damages upon the policy as reformed, although stated in two counts, is but one

claim and no appeal lies where there is only an order of reformation, even if designated under Rule 81.06 as a final judgment for the purpose of appeal. *Moreland v. State Farm Fire & Casualty Co.,* 620 S.W.2d 24 (Mo.App.1981). Rule 81.06 cannot extend the right of appeal beyond that granted by § 512.020, RSMo 1978, (see Mo. Const. Art. V, § 5) and such an order which does not fully dispose of the claim is not an appealable judgment or order under § 512.020. Id.

The appeal is premature and is dismissed.

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.