**David K. FOMBELLE,
Plaintiff-Appellant,**

v.

**Ross POTEETE, D/B/A Cape Plumbing,
Defendant-Respondent.**

No. 46145.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 19, 1983.

---

1. Respondents' motion to supplement the record on appeal is denied.

Albert C. Lowes, Catherine McBride, Jackson, for plaintiff-appellant.

Thomas K. O'Laughlin, II, Cape Girardeau, for defendant-respondent.

GAERTNER, Judge.

The Circuit Judge before whom this matter was originally pending sustained defendant's motion for a change of judge and, on June 7, 1982, the Supreme Court appointed an Associate Circuit Judge to assume jurisdiction of the case pursuant to its authority under Mo. Const. Art. V, § 6. On July 7, 1982, defendant filed a "Motion For Reconsideration Of Denial Of Request For Leave To File A Counterclaim" in which defendant alleged that his request for leave to file a counterclaim had been improperly denied by the original Circuit Judge. This motion was sustained on July 27, 1982 by the appointed Associate Circuit Judge who included in his order the following: "The court further finds that this order is a final and appealable order within the provisions of Supreme Court Rule of Civil Procedure 81.06." The judge further ordered a stay of all other matters pending in the cause until an appellate decision is reached. This appeal ensued.

Rule 81.06 permits a trial court, for the purposes of appeal, to designate as final a judgment in a *separate trial* of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case. Here there was no separate trial—there was no judgment, partial or otherwise—simply a pre-trial order relating to a procedural matter. Rule 81.06 has no application to pre-trial orders that do not dispose of all claims as to all parties, comprising an independent unit which the trial court has ordered separated under Rule 66.02.

The designation of finality by the trial court is not conclusive.

"Whether a judgment is final and appealable is not determined by the name applied, but by what is actually done according to the content, substance and effect of the order entered. *Starnes v. Aetna Casualty and Surety Co.,* 503 S.W.2d 129 (Mo.App.1973). It is the duty of an appellate court, sua sponte if necessary, to determine if a final appealable judgment has been rendered before consideration be given to the merits of the case.

. . . . .

Rule 81.06 contemplates by its language that it will apply where separate trial of a claim has been ordered."

*Shell v. Shell,* 605 S.W.2d 185, 189–90 (Mo. App.1980).

This appeal is dismissed as premature.

STEWART, P.J., and SMITH, J., concur.