**J. LEWIN BOOKBINDING COMPANY, Plaintiff-Appellant,**

v.

**The HOLLISTON MILLS, INCORPORATED, et al., Defendants-Appellants.**

**No. 47270.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 7, 1984.

Alan E. Popkin, Clayton, for plaintiff-appellant.

William L. Turner, Kansas City, for defendants-appellants.

SMITH, Judge.

Plaintiff appeals from the action of the trial court in dismissing without prejudice its declaratory judgment action against seven defendants. We examine the appealability of the order of the trial court.

Plaintiff's petition sought a declaratory judgment to determine its rights under a contract pursuant to which it supplied hymnals to defendant Herald House. The petition alleged that Herald House contended that the hymnals were defective and was threatening suit. The petition identified the remaining six defendants as material suppliers and alleged that if the hymnals were defective it was the fault of one or more of these suppliers. The petition sought a declaration by the court of the liability of the plaintiff and of the suppliers. There are no allegations of damages suffered by plaintiff at the hands of Herald House and all allegations of damage to plaintiff caused by other defendants arise from the potential of recovery by Herald House against plaintiff. In addition to filing its motion to dismiss, Herald House filed a counterclaim against plaintiff seeking its damages sustained as a result of the defective hymnals. It also filed cross-claims against each of the suppliers for its damages arising from their possible failure to supply proper materials.

The trial court, sitting in equity, granted the motions of the defendants to dismiss plaintiff's petition and transferred all "outstanding claims, cross-claims, or counterclaims" to the law division. The court also provided in the order that "This order insofar as compatible with law is made a final and appealable order."

■ Rule 81.06 provides in pertinent part:

"When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered."

The granting of a motion to dismiss is considered to be a separate trial before the court without a jury. *Spires v. Edgar*, 513 S.W.2d 372 (Mo. banc 1974); *Johnson v. Great Heritage Life Ins. Co.*, 490 S.W.2d 686 (Mo.App.1973). But, even if designated as final, the dismissal must be a disposition of the entire "claim" to make the order appealable. The rule is well-stated in *Shell v. Shell*, 605 S.W.2d 185 (Mo.App.1980) [6] as follows:

"The circumstances of each case control, but the general tenor of the authorities is consistent. While the trial court may render a partial disposition a final judgment for appeal by designating it such, the claims and parties separated

and the result adjudged must constitute an independent unit which finally disposes of the claims and parties within the unit." *See also, Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597 (1953) [7, 8].

In the case before us the only matter resolved by the trial court is that plaintiff may not use a declaratory judgment action to have determined its liability for breach of contract. Nothing else has been resolved. The claim by Herald House against plaintiff for breach of contract is still pending as are the claims against the suppliers. These are the same claims and the same parties to which plaintiff's petition is directed. No independent judicial unit has been disposed of either as to any claim within the unit or any party within the unit. This case does not present the situation found in either *Spires v. Edgar, supra,* or *Chubb Group of Insurance Companies v. C.F. Murphy & Associates, Inc.,* 656 S.W.2d 766 (Mo.App.1983) where the orders finally disposed of a claim against one or more but less than all of the defendants. Designation here did not make the order appealable and we have no jurisdiction.

Appeal dismissed.

GAERTNER, P.J., and JEAN C. HAMILTON, Special Judge, concur.