George ERSLON, et al.,
Plaintiffs-Appellants,

v.

Frank CUSUMANO, Defendant,

and

Vee-Jay Cement Contracting, and
Maryland Casualty Company,
Defendants-Respondents.

No. 48591.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 17, 1985.

Jess W. Ullom, Clayton, for plaintiffs-appellants.

Ben Ely, Jr., St. Louis, for defendants-respondents.

GAERTNER, Judge.

Plaintiffs appeal from an order sustaining the motion of two of three defendants to dismiss for failure to state a cause of action. We dismiss the appeal as premature.

Plaintiffs are the trustees of the Cement Masons Local 527 Health and Welfare Fund and General American Life Insurance Company, the insurer for the union fund. Defendants are Frank J. Cusumano, Vee-Jay Cement Contracting Company and its insurer, Maryland Casualty Company.

In a single count plaintiffs' petition alleges that Cusumano was an employee of Vee-Jay and a participant in the disability and medical benefit plans provided through the union by the General American. Cusumano sustained an injury to his neck and back. He made a claim with plaintiffs for payment of disability and medical benefits, stating his injury was not work-related. Plaintiffs then paid $6,258.65 for medical expenses and $2,000.00 in disability benefits.

Simultaneously, Cusumano filed a worker's compensation claim for the aforementioned injuries with Vee-Jay and Maryland Casualty. In this claim Cusumano alleged, perforce, the injuries occurred as a result of a work related accident. Subsequently a compromise settlement of the worker's compensation claim was made. Plaintiffs' petition alleges that this settlement consisted of a payment to Cusumano of $13,577.35 "based upon an approximate disability of 32½ percent of the body referable to the cervical area, plus $877.35 for outstanding medical expense which has not been paid through employee's union, plus $1,000.00 for temporary total disability." [1]

The petition further alleges that plaintiffs paid Cusumano by mistake, believing his injury was not "work-related," and therefore not within the "work-related" exclusion of their policy. Plaintiffs seek restitution of the $8,252.65 on the theory that all three defendants were unjustly enriched by reason of plaintiffs' payment of that sum to Cusumano, and, inferentially, the reduction of the statutory indebtedness of Vee-Jay and Maryland Casualty.

Vee-Jay and Maryland Casualty filed a joint motion to dismiss for failure to state a cause of action which the trial court sustained, designating its order as final and appealable under Rule 81.06. Although neither party has raised the issue of finality of the trial court's order, this court has a duty, sua sponte, to determine if it has jurisdiction prior to addressing the merits. *Redeker v. Bradbury*, 680 S.W.2d 403, 405 (Mo.App.1984). The designation by a trial court that its order is final and appealable is not conclusive. *Klippel v. Watkins*, 667 S.W.2d 28, 30 (Mo.App.1984). It is the content, substance and effect of the order entered, not the name designated to it by the trial court that determines

1. Plaintiffs argue on appeal that under the worker's compensation act Cusumano was entitled to a total of $3,000.00 for temporary total disability and the $1,000.00 compromise represented the difference between his entitlement and the $2,000.00 paid by them due to Cusumano's misrepresentation. The allegations of the petition specifically refer to the partial payment of medical expenses through the Union Insurance policy, but contain no similar allegation with regard to temporary total disability.

finality and appealability. *Fombelle v. Poteete*, 655 S.W.2d 801, 802 (Mo.App.1983). If the order is not final then the appeal must be dismissed. *Knight v. Keaton*, 660 S.W.2d 752, 753 (Mo.App.1983).

Rule 81.06 does not authorize piecemeal appeals of a single claim. Designation of finality by the trial court is effective only when a partial disposition disposes of a distinct "judicial unit," i.e., a judgment which terminates the action with respect to the claim adjudged. *Lipton Realty, Inc. v. St. Louis Housing Authority*, 655 S.W.2d 792, 793 (Mo.App.1983). "It is the final judgment on a claim, not the ruling on a pleaded issue, that is appealable." *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597, 600 (1953). The dismissal of some counts or some parties which leaves pending other claims which in fact seek redress for the same wrong against other parties or based upon alternative theories of recovery is not a disposition of a distinct and independent judicial unit. *See Lake v. Durham Life Insurance Company*, 663 S.W.2d 322, 324 (Mo.App.1983). A single injury cannot be converted into separate and distinct judicial units because a single recovery is demanded from different parties or on different theories.

Here plaintiffs seek a single recovery, the sum paid to Cusumano under the policies. They allege a right to recover this sum from Vee-Jay and Maryland Casualty under an entitlement to restitution based upon unjust enrichment, a theory enunciated in the Restatement of Law, Restitution, § 118 (1937). The inartfully worded petition makes a similar claim against Cusumano. However, giving the allegations of the petition their broadest intendment, as we must, *Best v. Schoemehl*, 652 S.W.2d 740, 741 (Mo.App.1983), the alleged facts demonstrate a theory of recovery against Cusumano based upon misrepresentation, not unjust enrichment. Plaintiffs' claim against the remaining defendant, Cusumano, is in no way dependent upon any of the issues presented in this appeal from the partial judgment. If plaintiffs recover in the pending action against Cusumano, the dismissal of Vee-Jay and Maryland Casualty becomes moot, for plaintiffs are entitled to but a single recovery for their single injury. If Cusumano prevails, a single appeal of all issues and as to all parties may be undertaken by plaintiffs. Therefore, judicial economy, which is the underlying purpose of Rule 81.06, is not served by appellate decision on the partial judgment. *Shell v. Shell*, 605 S.W.2d 185, 191 (Mo.App.1980).

We cannot help but note that the designation of partial judgments as final and appealable has greatly increased in recent years. Concomitantly, the number of appellate dismissals of premature appeals has also increased, despite the designation of finality. A myriad of decisions of the Missouri Supreme and appellate courts have clearly defined the limitations upon the effectiveness of such designations. Indiscriminate recourse to Rule 81.06 results not in the judicial economy the rule was intended to accomplish, but rather in the converse, delay and unnecessary expense to litigants and counsel, to trial and appellate courts.

Appeal dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.