SCHAUMBURG/GLUNT,
INC., Appellant,

v.

Dr. Richard J. PARMLEY,
D.D.S., Respondent.

No. 49509.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 26, 1985.

Louis A. Vlasaty, Erbs & Erbs, P.C., St. Louis, for appellant.

Mark H. Kruger, Deborah Benoit, Chorlins, Vines, Kruger, Kraner & Rubin, Clayton, for respondent.

MANFORD, Special Judge.

This is a civil action seeking damages in multiple counts for breach of contract, fraud, and on account. This appeal is taken from a judgment of dismissal of two of the counts within the petition. On this appeal, respondent filed a motion to dismiss the appeal, contending that the appeal is premature. Said motion was ordered taken with the case. The appeal is dismissed.

The facts pertinent to this appeal are as follows:

On May 10, 1984, appellant filed a petition against respondent on account. The circuit court sustained respondent's motion to dismiss for failure to state a claim upon which relief may be granted. The court entered its order on July 25, 1984.

On August 9, 1984, appellant filed its first amended petition against respondent Parmley and against Mangia Italiano, Inc. (not a respondent in this appeal), alleging breach of contract (Count I) and fraud (Count III) as against respondent, and a suit on account (Count II) as against Mangia Italiano, Inc. On October 25, 1984, both defendants filed motions to dismiss for failure to state claims upon which relief may be granted, and on November 8, both defendants filed counterclaims against appellant.

The circuit court sustained defendants' motions to dismiss but granted appellant

leave to amend its petition against Mangia Italiano, Inc. The circuit court did not dispose of the counterclaims.

Appellant appeals from that portion of the court's order dismissing the Counts I and III against respondent.

Appellant raises a single point on appeal which, in summary, alleges that the trial court erred in granting respondent's motion to dismiss Counts I and III of appellant's second amended petition because said petition does state sufficient facts which, when viewed most favorably to appellant, state claims for breach of contract and fraud.

Respondent alleges that appellant's appeal is premature in that it is not taken from a final judgment and as such must be dismissed.

The appellate court lacks jurisdiction whenever the judgment appealed from is not final. *Taylor v. F.W. Woolworth Co.*, 641 S.W.2d 108, 110 (Mo.1982). Generally, a "final appealable judgment" is one that disposes of all issues and all parties in the case and leaves nothing for further determination. *Erickson v. Lockhart*, 639 S.W.2d 418, 419 (Mo. banc 1982).

In the present case, there remains the issue of liability of Mangia Italiano, Inc., which has yet to be determined or disposed of. Furthermore, both defendants have filed counterclaims against appellant which are still pending in the circuit court. If a counterclaim is pleaded and submitted, a finding must be made disposing of the counterclaim, or else the judgment is not final and appealable. *Reynolds v. Briarwood Development*, 662 S.W.2d 905, 906 (Mo.App.1983).

Appellant contends, and this court recognizes, that there are certain interlocutory orders which are appealable pursuant to Rule 81.06. However, that rule states that such "judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.-020, RSMo, unless specifically so designated by the court in the judgment entered." In the present case the trial court did not so designate its order and therefore the order dismissing Counts I and III of appellant's second amended petition is not final and is not appealable.

Respondent's motion to dismiss is sustained as the appeal is premature in not having been taken from a final judgment.

So ordered.

CRANDALL and PUDLOWSKI, JJ., concur.