Thomas SPECK and Linda Walters,
Plaintiffs-Appellants,

v.

UNION ELECTRIC COMPANY,
Defendant-Respondent.

No. 68781.

Supreme Court of Missouri,
En Banc.

May 19, 1987.

James E. Hullverson, St. Louis, for plaintiffs-appellants.

James J. Virtel, Ann E. Buckley, St. Louis, for defendant-respondent.

RENDLEN, Judge.

The issue is: "What effect shall be given a trial court's designation of an order as a final judgment for purposes of appeal under Rule 31.06?"

I.

This is an appeal from the trial court's order dismissing Count III of appellants' amended petition without prejudice, which the court designated to be "a final order and judgment for purposes of appeal."

Appellants' suit for damages arose from injuries to and subsequent death of their father, Stephen Speck, allegedly resulting from his exposure to asbestos while employed by respondent Union Electric Company. Evidently an original petition was filed by Stephen Speck against various companies that supplied respondent with asbestos-related insulation products and upon his death appellants filed their amended three-count petition.

Count I, grounded on several products liability theories, apparently reiterates claims raised by Stephen Speck against the asbestos suppliers in his original petition. It is averred that those defendants "supplied, sold, and furnished" defective and unreasonably dangerous asbestos-related insulation products to respondent and that, as a result of Stephen Speck's exposure to the asbestos during his employment with respondent, he developed mesothelioma and "other related asbestos diseases." Appellants in their brief submit that "[i]nsofar as Count I alleges that it is a cause of action for Stephen Speck, it is a moot cause of action." Nevertheless such averments remain relevant because they are incorporated by reference in Counts II and III.

Count II is appellants' wrongful death claim against the suppliers. There appellants incorporate by reference Count I and further allege that their father, Stephen Speck, died on December 25, 1984, as a direct result of the mesothelioma caused by the suppliers' tortious conduct.

Count III is appellants' claim against respondent incorporating by reference Counts I and II and they further allege:

Throughout the time of Stephen Speck's employment with Union [Electric] Company during which he was exposed to asbestos-containing products and materials, and was required by Union Electric Company to work with such products and materials, the Union Electric Company did deliberately and intentionally fail to warn Stephen Speck about the dangers associated with asbestos, did deliberately and intentionally withhold information regarding the health of Stephen Speck, and did deliberately and intentionally order Stephen Speck to work with deleterious materials, to wit asbestos insulation, and thereby committed an assault and battery upon Stephen Speck.

It is also alleged that respondent's "deliberate and intentional wrongdoing" was not an ordinary incident of Stephen Speck's work and therefore the Workers' Compensation Law does not provide the exclusive remedy for their claim against respondent.

Respondent moved to dismiss Count III, asserting the claim was barred by the exclusive-remedy provision of the Workers' Compensation Law, *see* § 287.120, RSMo 1986, and as noted above, the trial court sustained the motion, dismissed Count III without prejudice and designated its order "a final order and judgment for purposes of appeal."

Appellants appealed the dismissal order, asserting that its claim against respondent was not barred by the Workers' Compensation Law. The Court of Appeals, Eastern District, without reaching the merits of that issue, opined that under the "judicial unit" test expressed in *Erslon v. Cusumano,* 691 S.W.2d 310 (Mo.App.1985), the dismissal order was not a final appealable order and that the appeal should be dismissed. However, the court transferred the cause that we might consider the effect to be given a trial court's designation of an order as final under Rule 81.06 and to examine the conflict between *Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974), and subsequent court of appeals opinions on this issue. We now determine the cause as on original appeal. Mo. Const. art. V, § 10.

## II.

Rule 81.06 provides:

When a separate trial of any claim, counterclaim or third-party claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal within the meaning of Section 512.020, RSMo. *When a separate trial is had before the court without a jury of claims arising out of the same trans-*

*actions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered.* However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined. In any case (jury or nonjury) when a separate final judgment is entered the court may stay its enforcement until other or all final judgments in the cause are entered and may prescribe such conditions as are necessary to secure and protect the relative rights of all parties; provided, however, any such stay shall not affect the right of appeal.

(Emphasis added.) Because the dismissal of a petition or a count in a petition upon the hearing of a motion to dismiss for failure to state a claim is considered a separate trial before the court without a jury within the meaning of Rule 81.06, *see State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924, 927 (Mo.App.1978), and because Count III of appellants' amended petition is a claim "arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case," it is the second sentence of Rule 81.06, italicized above, which is relevant to this appeal.

Under the plain language of Rule 81.06, whether dismissal of Count III was to be "a final judgment for purposes of appeal" was a matter for the trial court to determine in its discretion for it is the trial court that the rule allows to specifically so designate. In *Spires v. Edgar*, 513 S.W.2d 372, this Court discussed the history of Rule 81.06 and its predecessor at length and, relying heavily upon *Dotson v. E.W. Bacharach, Inc.*, 325 S.W.2d 737 (Mo.1959), adopted a quite literal application of Rule 81.06, holding that "[t]he trial court's order dismissing plaintiffs-appellants Spires' claim against respondent Edgar, having been designated as final for the purpose of appeal pursuant to rule 81.06, is an appealable order." *Spires*, 513 S.W.2d at 377. Nevertheless, subsequent to *Spires*, while several court of appeals decisions have followed a *Spires* approach in applying Rule 81.06,[1] a host of court of appeals decisions, *see*, for example, cases cited *infra* note 2, either have ignored, overlooked or otherwise construed *Spires* and some have adopted a "judicial unit" test in applying that portion of Rule 81.06 relevant here.

In *Dotson*, 325 S.W.2d at 738, the trial court dismissed a third-party defendant's counterclaim against plaintiff, and the third-party defendant appealed from the

---

1. A few cases have found orders appealable since they were designated as final for purposes of appeal under the second sentence of Rule 81.06. *E.g., Counts v. Morrison-Knudsen, Inc.*, 663 S.W.2d 357, 359–60 (Mo.App.1983); *Chubb Group of Ins. Cos. v. C.F. Murphy & Assocs., Inc.*, 656 S.W.2d 766, 771–74 (Mo.App.1983); *Volume Servs., Inc. v. C.F. Murphy & Assocs., Inc.*, 656 S.W.2d 785, 791 (Mo.App.1983); *Allen v. Salina Broadcasting, Inc.*, 630 S.W.2d 225, 226 (Mo.App.1982); *Talkington v. J.S. Alberici Constr. Co.*, 528 S.W.2d 5, 6 (Mo.App.1975). Numerous cases have dismissed appeals from orders since they were not designated as final for purposes of appeal under the second sentence of Rule 81.06. *E.g., Schaumburg/Glunt, Inc. v. Parmley*, 701 S.W.2d 201, 202 (Mo.App.1985); *Macon-Atlanta State Bank v. Gall*, 647 S.W.2d 585, 586 (Mo.App.1983); *Ploudre v. Ploudre*, 634 S.W.2d 224, 225 (Mo.App.1982); *Reeves v. Smith*, 621 S.W.2d 534, 534 (Mo.App.1981); *International Harvester Credit Corp. v. Formento*, 621 S.W.2d 90, 91 (Mo.App.1981); *Scott v. Gibbons*, 611 S.W.2d 387, 391 (Mo.App.1981); *Heimburger v. State Highway Comm'n*, 598 S.W.2d 170, 171 (Mo.App.1980); *Scheibel v. Hillis*, 570 S.W.2d 724, 726 (Mo.App.1978); *Lawrence v. Steadley Co.*, 566 S.W.2d 518, 520 (Mo.App.1978); *Cochran v. Hopkins*, 564 S.W.2d 606, 607 (Mo.App.1978); *Dalton v. Borger*, 562 S.W.2d 802, 803 (Mo.App.1978); *Mullen v. Dike Dev. Co.*, 560 S.W.2d 337, 339–40 (Mo.App.1977); *Caudle v. Kelley*, 545 S.W.2d 427, 429 (Mo.App.1976); *Laclede Gas Co. v. Solon Gershman, Inc.*, 539 S.W.2d 574, 578 (Mo.App.1976); *Scholz Homes, Inc. v. Clay Wideman & Sons, Inc.*, 524 S.W.2d 896, 897–98 (Mo.App.1975).

dismissal order. This Court considered whether the appeal was premature under then-effective Rule 3.29 (as amended effective May 15, 1957), which, like its successor Rule 81.06, provided that:

When a separate trial is had before the Court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo., unless specifically so designated by the Court in the judgment entered.

*See Dotson,* 325 S.W.2d at 739. On the authority of Rule 3.29 as amended, we dismissed the appeal as premature, holding:

If the trial court intended the order of dismissal to be a final judgment for the purposes of appeal it should have "specifically so designated" it. *This discretion rests in the trial court, not in this court. Pizzo v. Pizzo,* Banc, 365 Mo. 1224, 295 S.W.2d 377, 380 [1956]. Not having done so, this appeal is premature.

*Dotson,* 325 S.W.2d at 739 (emphasis added). Additionally, as we observed in *Spires,* 513 S.W.2d at 374:

[T]he court in *Dotson* believed so strongly in its interpretation of rule 3.29 as amended (now rule 81.06) that it *invited* the trial court to amend its prior order of dismissal so as to designate it to be final for purposes of appeal under amended rule 3.29 in order that an appeal could thereafter be taken.

*See Dotson,* 325 S.W.2d at 739.

In *Spires,* 513 S.W.2d at 372, respondent was one of three defendants in appellants' suit for wrongful foreclosure of a deed of trust. The trial court dismissed appellants' claim against respondent and designated its order final for purposes of appeal. *Id.* In considering whether the order appealed from was an appealable judgment, this Court reviewed *Dotson* and subsequent cases, concluding that "the interpretation placed upon amended Rule 3.29 (now 81.06) by *Dotson,* with reference to the trial court's authority to designate a dismissal order which order does not dispose of all

parties and issues as final for the purposes of appeal, has been followed by the Missouri courts." *Spires,* 513 S.W.2d at 377. Therefore, because the trial court had designated its dismissal order as final for the purpose of appeal, we held it to be an appealable order. *Id.*

Nevertheless, subsequent to *Spires* the appellate courts oftentimes have avoided such a literal application of Rule 81.06 and instead have dismissed appeals as premature, even if designated final and appealable under Rule 81.06. For instance, in *Erslon v. Cusumano,* 691 S.W.2d at 311, the trial court sustained the motion of two of three defendants to dismiss for failure to state a cause of action and designated its order as final and appealable under Rule 81.06. However, the Court of Appeals dismissed plaintiffs' appeal as premature because the dismissal was not a disposition of a distinct and independent judicial unit. *Erslon,* 691 S.W.2d at 312. The court stated:

The designation by a trial court that its order is final and appealable is not conclusive. *Klippel v. Watkins,* 667 S.W.2d 28, 30 (Mo.App.1984). It is the content, substance and effect of the order entered, not the name designated to it by the trial court that determines finality and appealability. *Fombelle v. Poteete,* 655 S.W.2d 801, 802 (Mo.App.1983). If the order is not final then the appeal must be dismissed. *Knight v. Keaton,* 660 S.W.2d 752, 753 (Mo.App.1983).

Rule 81.06 does not authorize piecemeal appeals of a single claim. Designation of finality by the trial court is effective only when a partial disposition disposes of a distinct "judicial unit," i.e., a judgment which terminates the action with respect to the claim adjudged. *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793 (Mo.App. 1983). "It is the final judgment on a claim, not the ruling on a pleaded issue, that is appealable." *Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597, 600 (1953). The dismissal of some counts or some parties which leaves pending other claims which in fact seek redress for the same wrong

against other parties or based upon alternative theories of recovery is not a disposition of a distinct and independent judicial unit. *See Lake v. Durham Life Insurance Company,* 663 S.W.2d 322, 324 (Mo.App.1983). A single injury cannot be converted into separate and distinct judicial units because a single recovery is demanded from different parties or on different theories.

*Erslon,* 691 S.W.2d at 311–12.

■ *Erslon* and like cases holding that, where a judgment is designated by the trial court to be a final judgment for purposes of appeal under the second sentence of Rule 81.06, the judgment is appealable only if the partial disposition disposes of a distinct judicial unit are contrary to the express language of Rule 81.06 and to *Dotson* and *Spires.* We reaffirm *Dotson* and *Spires* as correctly having applied Rule 81.06 which gives the trial court the discretion to determine whether to allow an appeal "[w]hen a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case." Contrary cases should no longer be followed.[2]

"The right of appeal is purely statutory and when the statutes do not give such right, no right exists." *Kansas City Power & Light Co. v. Kansas City,* 426 S.W.2d 105, 107 (Mo.1968); *accord Dudeck v. Ellis,* 376 S.W.2d 197, 204 (Mo.1964); *see also* Rule 81.01. Section 512.020, RSMo 1986, permits appeals from certain orders, not pertinent here, and "from any *final judgment* in the case" (emphasis added). Although this Court may establish rules relating to practice and procedure for all courts which shall have the force and effect of law, such rules shall not change the right of appeal. Mo. Const. art. V, § 5. Rule 81.06 does not change the right of appeal but rather aids in defining what will constitute a "final judgment" for purposes of appeal within the meaning of § 512.020, and under the rule "[w]hen a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case," as here, the judgment entered is a final judgment for purposes of appeal within the meaning of § 512.020 if it is specifically so designated by the court in the judgment entered.[3]

2. *E.g., Southard Constr. Co. v. Structural Sys., Inc.,* 715 S.W.2d 560, 563 (Mo.App.1986); *Yount v. Board of Educ.,* 712 S.W.2d 455, 456 (Mo.App. 1986); *Ventimiglia v. Cutter Laboratories,* 708 S.W.2d 772, 773–74 (Mo.App.1986); *Smith v. A.H. Robins, Co.,* 702 S.W.2d 143, 147 (Mo.App. 1985); *Morrow v. Jerry Lipps, Inc.,* 703 S.W.2d 518, 519–20 (Mo.App.1985); *Halford v. American Preferred Ins.,* 698 S.W.2d 40, 42 (Mo.App. 1985); *State Highway Comm'n v. Keeley,* 696 S.W.2d 865, 867 (Mo.App.1985); *Petersen v. Farberman,* 698 S.W.2d 554, 556–57 (Mo.App.1985); *Midland Bank v. St. Paul Fire & Marine Ins. Co.,* 697 S.W.2d 203, 204–205 (Mo.App.1985); *Karbank v. Hans,* 691 S.W.2d 947, 949 (Mo.App. 1985); *Erslon v. Cusumano,* 691 S.W.2d 310, 311–12 (Mo.App.1985); *Payan v. Heise,* 688 S.W.2d 403, 404 (Mo.App.1985); *Greening v. Klamen,* 683 S.W.2d 298, 300–301 (Mo.App. 1984); *Redeker v. Bradbury,* 680 S.W.2d 403, 405–406 (Mo.App.1984); *J. Lewin Bookbinding Co. v. Holliston Mills, Inc.,* 665 S.W.2d 375, 376–77 (Mo.App.1984); *Klippel v. Watkins,* 667 S.W.2d 28, 30 (Mo.App.1984); *Lake v. Durham Life Ins. Co.,* 663 S.W.2d 322, 324 (Mo.App. 1983); *Lipton Realty, Inc. v. St. Louis Hous. Auth.,* 655 S.W.2d 792, 793–94 (Mo.App.1983); *Mills v. Cameron Mut. Ins. Co.,* 650 S.W.2d 716, 717 (Mo.App.1983); *Moreland v. State Farm Fire*

*& Casualty Co.,* 620 S.W.2d 24, 25 (Mo.App. 1981); *Shell v. Shell,* 605 S.W.2d 185, 190–92 (Mo.App.1980). While these cases may vary somewhat as to how to determine whether an order designated as a final judgment for purposes of appeal under the second sentence of Rule 81.06 is in fact an appealable order, they all deviate from the literal application of Rule 81.06 espoused in *Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974), and *Dotson v. E.W. Bacharach, Inc.,* 325 S.W.2d 737 (Mo.1959), and give far less deference to the trial court's designation than we do here in reviewing only for an abuse of discretion, as discussed below. To this extent, these and like cases are no longer to be followed. We, of course, at this juncture need not decide whether in the cited cases any of the designations constituted an abuse of discretion.

3. We emphasize that before a trial court may in its discretion designate a partial disposition final for purposes of appeal under the second sentence of Rule 81.06, there must have been "a separate trial ... before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case." As discussed above, such is the case here. Where such is not the case, the second sentence of Rule

■ Subsequent to *Dotson* but prior to *Spires*, this Court in *State ex rel. State Highway Comm'n v. Armacost Motors, Inc.*, 502 S.W.2d 330 (Mo.1973), dismissed defendant's appeal from an order of the trial court in a condemnation action, even though the trial court had designated its order to be a final order for the purpose of appeal. The trial court had overruled defendant's motion to consolidate all of defendant's exceptions and to try them together as exceptions relating to one assemblage or, alternatively, to permit the value of each separate parcel owned by defendant to be shown to have been enhanced because of the reasonable probability of their being combined into one assemblage in the reasonably near future. *Id.*, at 330–31. In holding the order appealed from was not an appealable order, this Court stated:

> [T]he right of appeal is "as provided by law." [Rule 81.01.] Rule 81.06, in establishing a method for determining in instances covered by the rule whether or not a judgment is final for purpose of appeal, cannot extend the right of appeal granted by the statute. Mo. Const. Art. V, § 5, V.A.M.S. There must be either a judgment or an order within the limits prescribed by § 512.020. In this case, there is no judgment, only an order which does not fall within the limits of § 512.020. The direction of the trial court that the order is final for purpose of appeal is without effect.

*Armacost Motors*, 502 S.W.2d at 332. Such language has been applied too broad-

81.06 is inapplicable and it is not within a court's discretion to designate its order final for purposes of appeal. *See, e.g., Harting v. Stout*, 690 S.W.2d 458, 459 (Mo.App.1985) (trial court's designation of its order as final for purposes of appeal was without effect since Rule 81.06 is inapplicable to order imposing sanction against defendant for failure to appear for deposition); *Daniels v. Richardson*, 665 S.W.2d 76, 77 (Mo.App.1984) (trial court's designation as final for purposes of appeal of its order overruling defendants' objections to commissioners' report on plaintiffs' petition seeking to establish a way of strict necessity across defendants' lands was without effect since Rule 81.06 is inapplicable where there is no separate trial of any claim); *Wirthlin v. Wirthlin*, 662 S.W.2d 571, 572 (Mo.App.1983) (trial court's designation as final for purposes of appeal of its order denying defendant's motion to transfer cause from equity to civil jury trial docket, even if treated as a proper request for a jury trial, was without effect because Rule 81.06 is inapplicable to such a pretrial order relating to a procedural matter); *Fombelle v. Poteete*, 655 S.W.2d 801, 802 (Mo.App.1983) (trial court's designation as final for purposes of appeal of its order sustaining defendant's "Motion For Reconsideration Of Denial Of Request For Leave To File A Counterclaim" was without effect since Rule 81.06 is inapplicable where there is no separate trial but simply a pretrial order relating to a procedural matter). It also must be emphasized that each of the first three sentences of Rule 81.06 apply to distinct situations. The first sentence applies "[w]hen a *separate trial* of any *claim, counterclaim or third-party claim* is ordered in any case and *a jury trial* thereof is had" (emphasis added); in such situation "the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal." The second sentence applies as al-

ready discussed. The third sentence applies "when a *separate trial* is had *before the court without a jury* of an *entirely separate and independent claim unrelated to any other claims* stated or joined in the case" (emphasis added); in such situation "the judgment entered shall be deemed a final judgment for purposes of appeal ... unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined." It is important not to confuse the three distinct situations and not to confuse cases dealing with the different situations. For instance, in deciding whether a judgment falls within the third sentence of Rule 81.06 and is therefore automatically deemed final and appealable unless designated otherwise, *i.e.*, whether the claim disposed of is "an entirely separate and independent claim unrelated to any other claims," courts have developed a "dependency test." "So long as the remaining claims are not 'dependent in any respect upon the outcome of or final disposition of' the judgment rendered, that judgment is final without need for the trial court to so designate." *Luecke v. Missouri Dep't of Conservation*, 674 S.W.2d 691, 692 (Mo.App.1984); *see also, e.g., Chubb Group of Ins. Cos. v. C.F. Murphy & Assocs., Inc.*, 656 S.W.2d 766, 773 (Mo.App. 1983); *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924, 927 (Mo.App.1978); *Crenshaw v. Great Cent. Ins. Co.*, 527 S.W.2d 1, 3 (Mo.App. 1975). Yet at least one court appears to have inappropriately transposed this third-sentence analysis onto the second sentence by holding that the trial court could not designate its orders final for purposes of appeal where the matters disposed of were dependent upon the outcome of the remaining, unresolved issue. *Petersen v. Farberman*, 698 S.W.2d 554, 556–57 (Mo.App. 1985).

ly by subsequent courts in dismissing appeals from orders designated final for purposes of appeal. As in cases cited *supra*, note 3, the designation of the order appealed from in *Armacost Motors* was without effect because the second sentence of Rule 81.06 was inapplicable since the order did not involve a separate trial before the court of a *claim*, nor the dismissal of a petition or a count in a petition which is treated as a separate trial before the court without a jury within the meaning of Rule 81.06. *Gibbar*, 575 S.W.2d at 927. To the extent that *Armacost Motors*, 502 S.W.2d at 332, implies that an order must dispose of "all the parties and all the issues in the case" before it can be designated final for purposes of appeal under Rule 81.06 such implication is incorrect and should no longer be followed. While this Court correctly noted in its broad language in *Armacost Motors*, 502 S.W.2d at 332, quoted above, that for an appeal to lie "[t]here must be either a judgment or an order within the limits prescribed by § 512.020," we failed to recognize that under Rule 81.06 if in fact there has been a separate trial before the court of claims arising from the same transactions, occurrences or subject matter as other claims in the case, and if the trial court enters an order of dismissal and designates its partial disposition to be final for purposes of appeal then there is a final judgment within the limits prescribed by § 512.020. While Rule 81.06 cannot extend the right of appeal granted by the statute, that rule does not so do but rather it aids in defining what shall constitute a final judgment within the meaning of § 512.020.

Although Rule 81.06 placed the discretion to designate the dismissal of Count III of appellants' petition with the trial court, such an exercise of discretion is, like all such rulings, reviewable for abuse of discretion. *Anderson v. Robertson*, 402 S.W.2d 589, 592–93 (Mo.App.1966). "Appellate review of the trial court's exercise of discretion does not pivot on whether a reviewing court would have exercised its discretion in like manner, but whether the trial court abused its discretion." *In re $29,000.00 in U.S. Currency*, 682 S.W.2d 68, 75 (Mo.App.1984). Judicial discretion is abused only where the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and to indicate a lack of careful consideration. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). If reasonable men could differ as to the propriety of the action, it cannot be said the trial court abused its discretion. *Id.* Here the trial court's designation of its order to be final for purposes of appeal was not so clearly against the logic of the circumstances nor so arbitrary and unreasonable as to constitute an abuse of discretion. Suffice it to say that the trial court's dismissal of Count III leaves no issues pending between appellants and Union Electric and that the designation of the dismissal as a final judgment for purposes of appeal does not prejudice respondent Union Electric. Under the circumstances of this case and given the overall complexity of the litigation, the trial court did not abuse its discretion in designating its judgment appealable.

Additionally, respondent's assertion that the trial court's dismissal of Count III is not an appealable order but must be challenged by extraordinary writ because the dismissal is to be treated as a dismissal for lack of subject matter jurisdiction and was "without prejudice" is without merit. The trial court designated the dismissal final for purposes of appeal under Rule 81.06 and, as held above, did so properly. *See also, e.g., Lawson v. Village of Hazelwood*, 356 S.W.2d 539 (Mo.App.1962); 4 Am. Jur.2d *Appeal & Error* §§ 87, 108 (1962). Respondent's motion to dismiss this appeal is overruled.

The case is retransferred to the Court of Appeals, Eastern District, for determination on the merits.

All concur.