**In the Matter of Julia Laral DAVIS, a minor, by next friend, Phyllis Davis, Plaintiff–Respondent,**

**v.**

**Richard ALLEN, Defendant–Third Party Plaintiff,**

**v.**

**Gary DAVIS, Third Party Defendant,**

**and**

**State Farm Mutual Automobile Insurance Company, Third Party Defendant–Appellant.**

No. 15077.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 24, 1987.

Norman L. Chadwick, Poplar Bluff, for third party defendant-appellant.

Daniel T. Moore, L. Joe Scott, Poplar Bluff, for plaintiff-respondent Julia Davis.

FLANIGAN, Judge.

Plaintiff-respondent, Julia Davis, brought this action in the Circuit Court of Butler County against defendant Richard Allen, seeking damages for personal injuries allegedly sustained by plaintiff arising out of a collision between a car operated by Allen and a car operated by plaintiff's father. Allen filed a third party petition against State Farm Mutual Automobile Insurance Company, third party defendant-appellant. Thereafter, Allen failed to file a timely answer.

On December 22, 1986, the court held a hearing attended by plaintiff and her attorney Daniel Moore. No other parties appeared and there is no record that State

Farm was given notice of that hearing. After hearing plaintiff's evidence concerning the circumstances of the collision and her injuries, the trial court, on the same day, entered judgment in the amount of $50,000 in favor of plaintiff and against defendant Allen.

On December 23, 1986, State Farm filed a motion to set the judgment aside on the ground, among others, that State Farm had not been given notice of the December 22 hearing. The trial court denied State Farm's motion and State Farm appeals.

■ The right of appeal is purely statutory and when a statute does not give such right, no right exists. *Speck v. Union Elec. Co.*, 731 S.W.2d 16, 20 (Mo. banc 1987).

■ Plaintiff asserts that State Farm's appeal does not lie. This court must examine the question of its jurisdiction, whether or not the question is raised by the parties. *ABC Fireproof Warehouse Co. v. Clemans*, 658 S.W.2d 28, 30[3] (Mo. banc 1983); *City of Florissant v. Lee*, 714 S.W.2d 871, 872–73[1] (Mo.App.1986). In order for an appeal to lie, there must be a final judgment or order. § 512.020.[1] *City of Florissant v. Lee*, supra, at 873. A party not aggrieved by a judgment has no right of appeal. *In re Marriage of Kinnick*, 621 S.W.2d 104, 105[1] (Mo.App.1981); *Pirtle v. Pirtle*, 610 S.W.2d 317, 318 (Mo. App.1980). A party is not "aggrieved" by a judgment unless the judgment directly affects some pecuniary or property right or interest which he possesses. *Conrad v. Herndon*, 572 S.W.2d 216, 219[2] (Mo.App. 1978).

■ The trial court, in the judgment of December 22, did not designate it as a final judgment for purposes of appeal. The trial court did not order the judgment to be entered as an interlocutory judgment to be held in abeyance until all other claims, counterclaims or third party claims are determined.

Determination of whether the judgment was final involves Rule 81.06,[2] which received extensive discussion in *Speck v. Union Elec. Co.*, supra. In *Speck*, at p. 21, footnote 3, the supreme court emphasized "that each of the first three sentences of Rule 81.06 apply (sic) to distinct situations." The first sentence of the rule does not apply here because the judgment was not the product of a jury trial. The second sentence of Rule 81.06 does not apply because the trial court, in the judgment, did not specifically designate it as a final judgment for purposes of appeal.

In order for the judgment to be final, it must fall within the third sentence of Rule 81.06, which reads:

"However, when a separate trial is had before the court without a jury of *an entirely separate and independent claim unrelated to any other claims stated or joined in the case*, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined." (Emphasis added.) In *Speck*, at p. 21, footnote 3, the supreme court said:

"[I]n deciding whether a judgment falls within the third sentence of Rule 81.06 and is therefore automatically deemed final and appealable unless designated otherwise, i.e., whether the claim disposed of is 'an entirely separate and independent claim unrelated to any other claims,' courts have developed a 'dependency test.' 'So long as the remaining claims are not "dependent in any respect upon the outcome of or final disposition of" the judgment rendered, that judgment is final without need for the trial court to so designate.' *Luecke*

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Rule 81.06 was repealed by order of the supreme court, effective January 1, 1988. See 727–728 S.W.2d (Mo.Cases) XXXIV. For the counterpart to the repealed rule see new Rule 74.01(b), effective January 1, 1988, 727–728 S.W.2d (Mo.Cases) XXVIII.

*v. Missouri Dep't of Conservation,* 674 S.W.2d 691, 692 (Mo.App.1984); *see also, e.g., Chubb Group of Ins. Cos. v. C.F. Murphy & Assocs., Inc.,* 656 S.W.2d 766, 773 (Mo.App.1983); *State ex rel. Ashcroft v. Gibbar,* 575 S.W.2d 924, 927 (Mo. App.1978); *Crenshaw v. Great Cent. Ins. Co.,* 527 S.W.2d 1, 3 (Mo.App.1975)." (Emphasis added.)

In *Willman v. Walker,* 734 S.W.2d 283, 285 (Mo.App.1987), the court said: "We understand *Speck* to mean that the *Luecke* case, and the dependency test contained within it, provide a proper framework for determining whether a judgment falls within the third sentence of Rule 81.06." The court also said, at 286: "[The dependency test] declares that a claim is entirely separate and independent for purposes of appeal when the claims not disposed of are not dependent in any respect upon the outcome or final disposition of the judgment rendered."

State Farm is on the horns of a dilemma and its appeal must be dismissed. The appeal does not lie unless the judgment is final under the third sentence of Rule 81.06 *and* State Farm is aggrieved by that judgment.

In order for the judgment to be final, under the circumstances here, the claim of plaintiff Julia Davis against defendant Allen must be "an entirely separate and independent claim," unrelated to Allen's claim contained in his third party petition against State Farm. In order for the claim of plaintiff Julia Davis against defendant Allen to be "an entirely separate and independent claim," Allen's claim contained in his third party petition against State Farm must not be dependent in any respect upon the outcome or final disposition of the judgment. If the latter situation exists, State Farm is not aggrieved by the judgment.

There is no need to determine whether the judgment is final under the third sentence of Rule 81.06 because if it is not so final, it is not appealable, and if it is so final, State Farm is not aggrieved by it. See *Conrad v. Herndon,* 572 S.W.2d 216 (Mo.App.1978), where, in a substantially similar situation, the court of appeals dismissed an appeal of third party defendants who had attempted to appeal from a summary judgment in favor of defendants and against plaintiffs on the claim asserted in the petition. The court said, at 219–220, "It is impossible to perceive how third party defendants can be adversely affected by presently dismissing this appeal."

Appeal dismissed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.