Lawrence E. **VALE, d/b/a Trax Lounge and Trax Lounge, Inc., Appellant,**

v.

**AMERICAN FIDELITY FIRE INSURANCE COMPANY and Missouri Insurance Guaranty Association, Respondents.**

**No. WD 39601.**

Missouri Court of Appeals, Western District.

April 5, 1988.

Carroll E. McCue and Gwen G. Caranchini, Kansas City, for appellant.

Gerard H. Donovan and Donald H. Loudon, Jr., Kansas City, for respondents.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

This case presents the question of whether an order by the trial court setting aside the previous entry of a default judgment against one of several defendants in the same case constitutes a judgment within the scope of Rule 81.06 authorizing a trial judge to designate a partial disposition a final judgment for purposes of appeal. We answer the question in the negative and therefore dismiss the appeal.

The facts of the case are described only to provide background information about the controversy. Plaintiff below, referred to as Trax, procured insurance on the contents of a tavern through American Fidelity Fire Insurance Company, a New York insurer authorized to write property insurance in Missouri. On November 10 or 11, 1985, a fire resulted in loss of the property. Apparently unknown to Trax, however, the insurance company had become insolvent and its property had been turned over to the superintendent of insurance of New York on September 6, 1985. An order was entered by a New York court on September 20, 1985 enjoining the prosecution of any actions against the American Fidelity Fire Insurance Company and declaring all of its policies cancelled as of October 20, 1985, some three weeks before the loss sustained by Trax.

The present suit was filed in Jackson County, November 7, 1986 seeking a judgment declaring, for reasons not material to this appeal, that the order of the New York court was not effective to cancel the Trax policy prior to the fire loss. Named defendants were American Fidelity Fire Insurance Company, the Missouri Insurance Guaranty Association and the Missouri Division of Insurance. MIGA was named because the declaration of continued coverage was essential to perfection of Trax's claim against the fund administered by MIGA.

No answer to the petition was made by American Fidelity Fire Insurance Company and on January 16, 1987, Trax moved for default judgment against that defendant. The court entered an order January 30, 1987 dismissing Trax's petition as to the Missouri Division of Insurance because no cause of action was stated against that defendant. The order also recited: "Judgment is entered for plaintiff and against defendant American Fidelity Fire Insurance Company, that defendant having defaulted."

Among other pleadings, MIGA moved to set aside the default judgment against American Fidelity which Trax sought to use as a conclusive adjudication of its right

to have the claim against MIGA processed. That motion was filed April 13, 1987. The court sustained the motion by order dated April 28, 1987 and ordered that the default judgment entered January 30, 1987, "be and is hereby set aside."

In acting on the motion to set aside the default judgment, which motion was filed more than thirty days after the judgment was rendered, the court and MIGA relied on § 375.785.10, RSMo 1986. That statute gives MIGA the right to move for an order setting aside a default judgment taken against an insolvent insurer and to permit MIGA to defend a claim on the merits. The statute includes no time limitation on the filing of such a motion.

The present appeal by Trax is from the order which set aside the default judgment. MIGA contends the order is not a judgment within the scope of § 512.020, RSMo 1986, and that this court lacks jurisdiction to entertain the appeal. Trax answers by noting that the court entered its order designating the ruling final for purposes of appeal pursuant to Rule 81.06.[1] He argues that a failure of the order to dispose of all parties and all issues in the case is no obstacle to the appeal if the trial judge has designated a partial disposition to be a final judgment.

Much controversy has attended the effect of Rule 81.06, particularly in the application of *Spires v. Edgar*, 513 S.W.2d 372 (Mo. banc 1974), which held that an order which does not dispose of all issues and parties is nonetheless final for purposes of appeal if it is so designated by the trial judge. Most recently, *Speck v. Union Electric Co.*, 731 S.W.2d 16 (Mo. banc 1987), held that under *Spires*, Rule 81.06 should be given literal application and cases such as *Erslon v. Cusumano*, 691 S.W.2d 310 (Mo.App.1985), utilizing the "distinct judicial unit" concept, should no longer be followed. The *Speck* court held that if there has been a separate trial before the court of claims arising from the same subject matter as other claims in the case and the court enters an order in partial disposition of the case which it designates as final for purposes of appeal, then there is a final judgment within the limits prescribed by § 512.020.

Despite the foregoing, the court in *Speck* acknowledged that the rules cannot change the right of appeal which is purely statutory. Section 512.020 permits appeals only from orders granting a new trial, an order refusing to revoke, modify or change an interlocutory order appointing a receiver, an order dissolving an injunction, from interlocutory judgments in partition which determine the rights of the parties, or from any final judgment or a special order after final judgment. The critical question in the present case is whether an order setting aside a default judgment is a final judgment within the meaning of § 512.020.

It is apparent that the question in this case determinative of Trax's underlying claim, is whether the order by the New York court purporting to effect a wholesale cancellation of all outstanding policies written by American Fidelity Fire Insurance Company extinguished any claim Trax could make against MIGA under § 375.785.4(1)(a), RSMo 1986. The statute which imposes potential liability on MIGA for claims by policyholders of insolvent insurers gives MIGA the right to litigate claims on the merits and, at least by implication, imposes a duty on MIGA to oppose payment of any claim which is not a "covered claim." The viable contest in this case is therefore between Trax and MIGA and not between Trax and American Fidelity which no longer has any direct financial stake in the controversy because of its insolvency. Trax was apparently attempting, by the vehicle of the default judgment, to create an obstacle to MIGA's defense of the claim on the merits.

Whatever may have been the consequences of the entry of default judgment against American Fidelity, the order under appeal here does not constitute any disposition in the case at all, even as between Trax and American Fidelity. When the

---

1. Rule 81.06 was repealed effective January 1, 1988. Repeal of the rule does not affect disposition of this case because the right of appeal is controlled by § 512.020, RSMo 1986.

court set aside the prior judgment, it did not make any determination of the rights of Trax or American Fidelity but merely restored the case to its prior status with the unresolved claims of Trax against both American Fidelity and MIGA. There was no final judgment, partial judgment or even an interlocutory judgment and, hence, there was no right of appeal under § 512.020.

■ The *Speck* case, although requiring a literal interpretation of Rule 81.06, nonetheless reaffirmed the holding in *State ex rel. State Highway Commission v. Armacost Motors, Inc.,* 502 S.W.2d 330 (Mo. 1973), that an appeal will not lie unless there is either a judgment or an order within the limits prescribed by § 512.020.[2] Rule 81.06 merely aids in defining what shall constitute a final judgment within the meaning of the statute. The designation by the trial judge of an order as final for purposes of appeal does not convert a disposition beyond the scope of § 512.020 into a final appealable judgment.

In *Armacost,* the defendant appealed from an order in a condemnation action which overruled the defendant's motion to consolidate all pending exceptions and to try the valuation issues as though the separate parcels were one assemblage. The court held the order did not constitute an appealable order because there was no judgment within the limits of § 512.020.

Much as was the case in *Armacost,* the order appealed by Trax made no disposition of the claims by any of the parties and could not be construed to be a judgment in any sense, much less a final judgment within the scope of § 512.020. This court is precluded from entertaining a cause for which appeal is not authorized.

The appeal is dismissed.

All concur.

---

**2.** The *Speck* case overruled the "implication" in *Armacost* that an order must dispose of "all the parties and all the issues in the case" before it can be designated final for purposes of appeal under Rule 81.06.